1    substantial monthly amounts contemplated by the Swap Agreement Documents to
2    correspond to its capital needs.  Its goal of being able to use up to $50 million of the
3    Cogent Capital Defendants' bonds to grow its business aggressively has been
4    thwarted completely and made impossible.

5        48.    The Cogent Parties have refused to budge.  Left with no choice, and
6    with additional interest payments coming due each month, Innofone has
7    commenced this action as a last resort.  This complaint constitutes Innofone's
8    notice to rescind the Swap Agreement Documents and all ancillary or related
9    documents.

10                        **FIRST CLAIM FOR RELIEF**

11   **Violation of Section 10(b) of the Securities Exchange Act and Securities and**
12        **Exchange Commission Rule 10b-5 Promulgated Thereunder**
13   **Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC,**
14            **Cogent Capital Group, LLC, Kofford, and Holden**

15       49.    Plaintiff Innofone incorporates by this reference and realleges
16   Paragraphs 1-48 as if fully set forth here.

17       50.    In May, June, and November, 2006, Innofone and the Cogent Capital
18   Defendants executed the Swap Agreement Documents.  The structure of the
19   transaction was controlled in all material respects by the Cogent Capital
20   Defendants.

21       51.    During the month of May 2006, while they were negotiating the terms
22   of the equity swap underlying the Swap Agreement Documents, both Kofford and
23   Holden, acting on behalf of the Cogent Capital Defendants, as well as themselves,
24   represented to Innofone that the Securities and Exchange Commission had
25   approved this type of financing before, and thus it would not be a problem to get
26   the Securities and Exchange Commission to approve this transaction.  Kofford and
27   Holden, acting on behalf of the Cogent Capital Defendants, as well as themselves,
28   further represented to Innofone that the transaction structure they proposed was

1  specifically designed to meet the requirements of the Securities and Exchange
2  Commission. In this regard, they stressed that they had inside information from the
3  Securities and Exchange Commission on how to structure the deal so that it would
4  be approved.

5      52.    These statements were material statements of fact to Innofone.
6  Innofone could only access the United States Treasury bonds if they could register
7  the shares to be issued to the Cogent Capital Defendants.

8      53.    At the time the Cogent Parties made these statements, they knew that
9  they were false. In this regard, the Securities and Exchange Commission has not
10  approved a transaction of the type proposed by the Cogent Parties, and the
11  statements by the Cogent Parties to the contrary showed a high degree of
12  recklessness which is the equivalent of intent. Moreover, as the numerous
13  rejections of Innofone's registration statement have made clear, the deal was not
14  structured to meet the requirements of the Securities and Exchange Commission.
15  The Cogent Parties' subsequent attempts to assist Innofone obtain registration make
16  clear that they knew all along that the structure was anything but a sure bet before
17  the Securities and Exchange Commission. Indeed, in a series of emails sent in
18  December 2006, the Cogent Parties admitted that none of their other similar
19  investments had ever successfully registered their shares with the Securities and
20  Exchange Commission.

21      54.    Innofone reasonably and justifiably relied on the Cogent Parties'
22  statements. Those statements caused Innofone to agree to enter into the transaction.

23      55.    The Cogent Parties' statements and conduct caused Innofone damage
24  because, *inter alia*, 1) the failure to obtain registration of the Innofone common
25  stock damaged Innofone; and 2) Innofone was not able to pursue alternative
26  financing statements. Innofone reasonably estimates it has been damaged in an
27  amount in excess of $25 million, subject to proof at trial.

28

## SECOND CLAIM FOR RELIEF

**Rescission of Swap Agreement Documents Based on Illegality**

**Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, Holden, and Investors Bank & Trust Company**

56.    Plaintiff Innofone incorporates by this reference and realleges Paragraphs 1-48 as if fully set forth here.

57.    In May, June, and November, 2006, Innofone and the Cogent Capital Defendants executed the Swap Agreement Documents. Those documents explicitly contemplated that the shares issued by Innofone to Cogent Capital Financial would be registered with the Securities and Exchange Commission, and that after that registration was declared effective, Innofone would be able to commence the draw-down period on the $50 million in bonds. Without the ability to draw on the bonds, the very object of the Swap Agreement Documents has been defeated because there is simply no way for Innofone to obtain the benefit of its bargain.

58.    Over the past nine months, despite repeated attempts by Innofone, assisted by the Cogent Parties, the Securities and Exchange Commission has repeatedly and emphatically refused to allow Innofone to declare its registration statement effective. In this regard, the Securities and Exchange Commission has raised objections not only to the disclosures proposed, but to the underlying integrity and structure of the transaction. In effect, the actions of the Securities and Exchange Commission must be interpreted as amounting to a finding that the transaction violates Securities and Exchange Commission rules.

59.    In fact, it would be illegal for the Cogent Parties to offer the securities for sale to the public without an effective registration statement. The Securities and Exchange Commission would likely sue to enjoin the offering of these shares to the public, and might seek further sanctions against Innofone or the Cogent Parties.

1    60.    Innofone is therefore entitled to rescind and hereby rescinds the

2    transaction with the Cogent Capital Defendants in their entirety and is further

3    entitled to restitution of all monies paid to defendants because, as structured,

4    contemplated and described by the Swap Agreement Documents, the transaction is

5    illegal.  Innofone offers to return to the Cogent Capital Defendants the Treasury

6    bonds they placed in escrow.  After the most recent Securities and Exchange

7    Commission rejection of Innofone's proposed registration of the common stock

8    issued to Cogent Capital Financial, and after attempts to resolve this matter

9    amicably failed, Innofone acted without unreasonable delay to seek rescission.

10    61.    Additionally, Innofone requests the Court to enjoin the Cogent Parties

11    from taking any steps to effect a distribution of any of the collateral placed in

12    escrow and more particularly described in the June 2, 2006 Escrow Agreement

13    (attached as Exhibit F) with Investors Bank & Trust Company in connection with

14    this transaction.  Similarly, Innofone also requests that Investors Bank & Trust be

15    enjoined during the pendency of this action from distributing any of the collateral in

16    escrow and under its control until judgment is entered.

17    62.    Innofone has no adequate remedy at law.

18

19    **THIRD CLAIM FOR RELIEF**

20    **Rescission of Swap Agreements Based on Fraud or Mistake**

21    **Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC,**

22    **Cogent Capital Group, LLC, Kofford, Holden, and**

23    **Investors Bank & Trust Company**

24    63.    Plaintiff Innofone incorporates by this reference and realleges

25    Paragraphs 1-48 and 56-62 as if fully set forth here.

26    64.    In May, June, and November, 2006, Innofone and the Cogent Capital

27    Defendants executed the Swap Agreement Documents.  Those documents

28    memorialized a transaction which the Cogent Parties represented as being a

- 19 -

1    financially viable securities transaction. The transaction explicitly contemplated
2    that the shares issued by Innofone to Cogent Capital Financial would be registered
3    with the Securities and Exchange Commission, and that after that registration was
4    declared effective, Innofone would be able to draw down on the $50 million in
5    bonds. Without the ability to draw on the bonds, the very object and purpose of the
6    Swap Agreement Documents for Innofone has been defeated because there is
7    simply no way for Innofone to obtain the benefit of its bargain. Thus, the parties
8    believed that the transaction contemplated by the Swap Agreement Documents was
9    a viable financing arrangement which complied with Securities and Exchange
10   Commission rules and of a type previously approved by it. As events unfolded, this
11   was a material mistake of fact on the part of both Innofone and the Cogent Parties.
12   The parties further believed that the Securities and Exchange Commission's
13   approval of the registration of the Innofone securities would occur quickly, which
14   was another mistaken material fact and an underlying premise to the Swap
15   Agreement Documents and the overall transactions contemplated thereby.

16        65.    Over the past nine months, despite repeated attempts by Innofone,
17   assisted by the Cogent Parties, the Securities and Exchange Commission has
18   repeatedly and emphatically refused to allow Innofone to declare its registration
19   statement effective. Most importantly, the Securities and Exchange Commission
20   has raised objections not only to the disclosures proposed, but has raised serious
21   questions about the underlying structure and integrity of the transaction and its
22   viability as a securities transaction.

23        66.    In order to induce Innofone to enter into the Swap Agreement
24   Documents, the Cogent Parties repeatedly informed and assured Innofone that the
25   transaction was a viable securities transaction of a type previously approved and
26   which complied with Securities and Exchange Commission rules and that
27   registration of the Innofone securities would not present any problems whatsoever.
28   Thus, at best, all of the parties to the Swap Agreement Documents mistakenly

- 20 -

1   believed in the inherent viability of the transaction and that the Securities and
2   Exchange Commission would allow registration of the securities to become
3   effective quickly.

4          67.    Alternatively, if the Cogent Capital Defendants had no basis to believe
5   that the transaction itself was viable, or that such a transaction had been previously
6   approved, or the registration of the Innofone securities would or could occur in a
7   timely manner, if at all, then they fraudulently induced Innofone to enter into the
8   Swap Agreement Documents by their misrepresentations, which Innofone
9   reasonably relied on to its detriment.

10         68.    Innofone is therefore entitled to rescind and hereby rescinds the
11  transaction with the Cogent Capital Defendants in their entirety and is further
12  entitled to restitution of all monies paid to defendants.  Innofone offers to return to
13  the Cogent Parties the Treasury bonds they placed in escrow.  After the most recent
14  rejection, and after attempts to resolve this matter amicably failed, Innofone acted
15  without unreasonable delay to seek rescission.

16         69.    Additionally, Innofone requests the Court to enjoin the Cogent Parties
17  from taking any steps to effect a distribution of any of the collateral placed in
18  escrow and more particularly described in the June 2, 2006 Escrow Agreement
19  (attached as Exhibit F) with Investors Bank & Trust Company in connection with
20  this transaction.  Similarly, Innofone also requests that Investors Bank & Trust be
21  enjoined during the pendency of this action from distributing any of the collateral in
22  escrow and under its control until judgment is entered.

23         70.    Innofone has no adequate remedy at law.

24
25
26
27
28

## FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation

### Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, and Holden

71.    Plaintiff Innofone incorporates by this reference and realleges Paragraphs 1-48 and 56-70 as if fully set forth here.

72.    In May, June, and November, 2006, Innofone and the Cogent Capital Defendants executed the Swap Agreement Documents. Those documents memorialized a transaction which the Cogent Parties represented as being a financially viable securities transaction of a type previously approved and which complied with Securities and Exchange Commission rules. The transaction explicitly contemplated that the shares issued by Innofone to Cogent Capital Financial would be registered with the Securities and Exchange Commission, and that after that registration was declared effective, Innofone would be able to draw down on the $50 million in bonds so it could use them to expand its business. Without the ability to draw on the bonds, the very object of the Swap Agreement Documents has been defeated because there is simply no way for Innofone to obtain the benefit of its bargain. Thus, the viability of the transaction, and the subsequent approval by the Securities and Exchange Commission, were material facts underlying the Swap Agreement Documents and the transaction contemplated thereby.

73.    In order to induce Innofone to enter into the Swap Agreement Documents, the Cogent Capital Defendants, by and through their representatives, Kofford and Holden, repeatedly, carelessly, and with reckless disregard for the truth informed Innofone the transaction was a previously approved and viable securities transaction whereby Innofone could obtain the substantial capital funding it needed, and that registration of the Innofone securities would occur swiftly. The Cogent Capital Defendants, Kofford, and Holden, knew that they had no basis to make

- 22 -

1  these representations since they had never undertaken a transaction similar in scope,
2  size or complexity.

3        74.    By virtue of their superior knowledge and experience in financial
4  transactions, which they repeatedly touted to Innofone, both orally and on the
5  Cogent Capital Web Site, the Cogent Capital Defendants, Kofford, and Holden,
6  were bound by a relation or duty of care to Innofone when making these statements.

7        75.    Innofone reasonably and justifiably relied on these representations in
8  making its decision about whether to enter into the transaction and whether to
9  execute the Swap Agreement Documents.

10       76.    Over the past nine months, despite repeated attempts by Innofone,
11 assisted by the Cogent Parties, the Securities and Exchange Commission has
12 repeatedly and emphatically refused to allow Innofone to declare its registration
13 statement effective.  In this regard, the Securities and Exchange Commission has
14 raised objections not only to the disclosures proposed, but has questioned the
15 underlying structure and integrity of the transaction.

16       77.    As a proximate result of its reliance on the misrepresentations of the
17 Cogent Capital Defendants, Kofford, and Holden, Innofone has been damaged in an
18 amount to be proven at trial but exceeding $25 million.  Such damages include but
19 are not limited to all sums previously paid to the Cogent Parties, interest on such
20 sums, lost funding opportunities caused by the reliance, and consequent delay,
21 arising from the Cogent transaction, as well as all associated costs related to
22 Innofone's attempts to obtain an effective registration statement for a
23 fundamentally flawed transaction.

24
25
26
27
28

- 23 -

1    **FIFTH CLAIM FOR RELIEF**

2    **Declaratory Relief Pursuant to 28 U.S.C. § 2201**

3    **Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC,**

4    **And Cogent Capital Group, LLC**

5    78.    Plaintiff Innofone incorporates by this reference and realleges

6    Paragraphs 1-48 and 56-77 as if fully set forth here.

7    79.    There is a substantial controversy, between Innofone and the Cogent

8    Parties regarding the validity and enforceability of the Swap Agreement

9    Documents. In this regard, Innofone has informed the Cogent Capital Defendants

10    that, looking beyond the issue of whether the Cogent Capital Defendants are at fault

11    in proposing a fundamentally flawed securities transaction, the refusal by the

12    Securities and Exchange Commission to approve registration of the Innofone

13    common stock at issue makes it impossible for the transaction to be completed in

14    the manner contemplated by the parties, and amounts to a failure of consideration.

15    Moreover, based on the Securities and Exchange Commission's repeated refusals to

16    approve the registration of the shares at issue, it is impossible for the parties to

17    complete the transaction as contemplated.

18    80.    The Cogent Capital Defendants emphatically disagree, and continue to

19    demand that Innofone pay Cogent Capital Financial monthly interest on $50 million

20    even though Innofone has no realistic chance of ever accessing this money on the

21    terms set forth in the Swap Agreement Documents.

22    81.    Innofone and the Cogent Capital Defendants have adverse legal

23    interests. The Cogent Capital Defendants wish to continue to receive monthly

24    interest without ever having to risk any of their own capital and therefore contend

25    the transaction should continue. Innofone wishes to terminate this situation

26    immediately because it has received not one iota of benefit from the transaction.

27    82.    This dispute is of sufficient immediacy and reality to warrant the

28    issuance of declaratory relief. Should Innofone fail to pay monthly interest in the

- 24 -

1    manner contemplated by the Swap Agreement Documents, Cogent Capital

2    Financial likely will declare a default and begin the process of selling the

3    underlying collateral.

4        83.    Innofone has no adequate remedy at law.

5        84.    Innofone therefore seeks a judicial declaration that

6            A.    The Swap Agreement Documents and the transaction

7    contemplated thereby are impossible to consummate and therefore are invalid and

8    unenforceable;

9            B.    The Swap Agreement Documents and the transaction

10   contemplated thereby are illegal, or otherwise procured by fraud or mutual

11   mistake, and therefore are invalid and unenforceable;

12           C.    The Swap Agreement Documents and the transaction

13   contemplated thereby fail for lack of consideration because Innofone has not

14   received any benefit from the transaction;

15           D.    Defendants have no power to compel Innofone to perform

16   under the Swap Agreement Documents, including paying monthly interest; and

17           E.    The parties must return all of the consideration they have

18   received as part of the Swap Agreement Documents and the transactions

19   contemplated thereby.

20                          **PRAYER FOR RELIEF**

21       WHEREFORE, plaintiff Innofone prays that judgment be entered in its favor

22   against each of the defendants as follows:

23       (i)    rescinding the Swap Agreement Documents, to wit

24           A.    The May 5, 2006 Letter Agreement

25           B.    The Securities Purchase Agreement

26           C.    The Escrow Agreement

27           D.    The Master Agreement, including the Schedule thereto,

28           E.    The Equity Swap Confirmation

- 25 -

1                    F.    The Credit Support Annex

2                    G.    The Registration Rights Agreement;

3                    H.    The Warrant; and

4                    I.    The November Confirmations; and all ancillary or related

5                          agreements or arrangements.

6           (ii)    declaring, pursuant to 28 U.S.C. § 2201 (2000), that Innofone has no

7    further obligations to defendants under

8                    A.    the May 5, 2006 Letter Agreement

9                    B.    the Securities Purchase Agreement

10                   C.    the Escrow Agreement

11                   D.    The Master Agreement, including the Schedule thereto,

12                   E.    The Equity Swap Confirmation

13                   F.    The Credit Support Annex

14                   G.    The Registration Rights Agreement;

15                   H.    Innofone's certificate of designation of its Series A convertible

16                         preferred shares;

17                   I.    The Warrant;

18                   J.    The November Confirmations; and

19                   K.    All ancillary or related agreements and arrangements.

20          (iii)   the restitution of all consideration paid or property transferred by the

21   parties pursuant to the Swap Agreement Documents, and all ancillary or related

22   agreements or arrangements, including by way of illustration all of the property

23   held in escrow pursuant to the Escrow Agreement;

24          (iv)    enjoining the Cogent Parties and Investors Bank & Trust Company

25   from distributing any of the property held in escrow;

26          (v)     awarding damages in an amount reasonably estimated to be $25

27   million exclusive of interest and costs, subject to proof at trial;

28

- 26 -

1    (vi)    awarding Innofone its fees and costs, including its attorneys' fees,

2    pursuant to the Swap Agreement Documents or in accordance with law;

3    (vii)    granting Innofone such other and further relief as this Court deems just

4    and proper.

5

6                    **DEMAND FOR JURY TRIAL**

7    Pursuant to Fed. R. Civ. P. 38, 39, and 57, Innofone hereby demands a trial

8    by jury of all issues triable of right by a jury.

9

10   Dated:    March 19, 2007          JONES DAY

11

12                                  By: _____
                                        Roderick A. McLeod

13
                                    Attorneys for Plaintiff
14                                  INNOFONE.COM, INCORPORATED

15   SVI-44328v4

16

17

18

19

20

21

22

23

24

25

26

27

28