1  Marjorie Sommer Cooke (State Bar No.
   161694)

2  mcooke@ccg-law.com
   COOKE CLANCY & GRUENTHAL LLP

3  265 Franklin Street
   Boston, MA  02110

4  Telephone:  (617) 428-6800
   Facsimile:  (617) 428-6868

5  Attorneys for defendant INVESTORS BANK

6  & TRUST COMPANY

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  INNOFONE.COM, INC.,                    Case No. CV-07-1793 DDP
                                           (MANx)
12             Plaintiff,
                                           ANSWER OF DEFENDANT
13     v.                                  INVESTORS BANK & TRUST
                                           COMPANY
14  COGENT CAPITAL FINANCIAL
    LLC, COGENT CAPITAL
15  INVESTMENTS LLC, GREGORY L.
    KOFFORD, MARK W. HOLDEN and
16  INVESTORS BANK & TRUST
    COMPANY,
17
               Defendants.
18

19

20      Defendant Investors Bank & Trust Company ("IBT") answers each numbered

21  paragraph of the Complaint of Innofone.com, Inc. ("Innofone") as follows:

22            **JURISDICTION – CIV. L.R. 8-1 STATEMENT**

23      1.     No answer is required to paragraph 1, which purports solely to state

24  conclusions of law.

25      2.     No answer is required to the first sentence of paragraph 2, which

26  purports solely to state conclusions of law.  IBT admits that it is a Massachusetts

27  trust company with a principal place of business in Boston, Massachusetts.  IBT

28

ORIGINAL

FILED
2007 MAY -3  PM 2: 55
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

DOCKETED ON CM
MAY - 9 2007
BY _____ 007

1 lacks knowledge or information sufficient to form a belief as to the truth of the

2 remaining allegations of paragraph 2.

3                              **NATURE OF THE ACTION**

4           3.      No answer is required to the first sentence of paragraph 3, which

5 purports merely to characterize the plaintiff's allegations.  IBT admits that the

6 parties to this action deposited certain stocks and bonds in escrow and entered into

7 an equity swap transaction.  IBT lacks knowledge or information sufficient to form

8 a belief as to the truth of the remaining allegations of paragraph 3.

9           4.      IBT lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of paragraph 4.

11          5.      IBT lacks knowledge or information sufficient to form a belief as to

12 the truth of the allegations of paragraph 5.

13          6.      IBT lacks knowledge or information sufficient to form a belief as to

14 the truth of the allegations of paragraph 6.

15          7.      IBT lacks knowledge or information sufficient to form a belief as to

16 the truth of the allegations of paragraph 7.

17                                **THE PARTIES**

18          8.      IBT lacks knowledge or information sufficient to form a belief as to

19 the truth of the allegations of paragraph 8.

20          9.      IBT lacks knowledge or information sufficient to form a belief as to

21 the truth of the allegations of paragraph 9.

22          10.     IBT lacks knowledge or information sufficient to form a belief as to

23 the truth of the allegations of paragraph 10.

24          11.     IBT lacks knowledge or information sufficient to form a belief as to

25 the truth of the allegations of paragraph 11.

26          12.     IBT lacks knowledge or information sufficient to form a belief as to

27 the truth of the allegations of paragraph 12.

28

1   13.   IBT lacks knowledge or information sufficient to form a belief as to
2   the truth of the allegations of paragraph 13.

3   14.   IBT admits the allegations of the first sentence of paragraph 14.  IBT
4   admits that it served as escrow agent pursuant to a certain Escrow Agreement dated
5   June 2, 2006 and that certain of the assets deposited with IBT pursuant to this
6   Escrow Agreement remain in its custody. IBT lacks knowledge or information
7   sufficient to form a belief as to why Innofone named it as a party to this action.

8                                    **VENUE**

9   15.   No answer is required to paragraph 15, which purports merely to state
10  conclusions of law.

11  16.   No answer is required to paragraph 16, which purports merely to state
12  conclusions of law.

13  17.   No answer is required to paragraph 17, which purports merely to state
14  conclusions of law.

15                   **BACKGROUND TO THE ACTION**

16  18.   IBT lacks knowledge or information sufficient to form a belief as to
17  the truth of the allegations of paragraph 18.

18  19.   IBT lacks knowledge or information sufficient to form a belief as to
19  the truth of the allegations of paragraph 19.

20  20.   IBT lacks knowledge or information sufficient to form a belief as to
21  the truth of the allegations of paragraph 20.

22  21.   IBT lacks knowledge or information sufficient to form a belief as to
23  the truth of the allegations of paragraph 21.

24  22.   IBT lacks knowledge or information sufficient to form a belief as to
25  the truth of the allegations of paragraph 22.

26  23.   IBT lacks knowledge or information sufficient to form a belief as to
27  the truth of the allegations of paragraph 23.

28

1    24.   IBT lacks knowledge or information sufficient to form a belief as to
2  the truth of the allegations of paragraph 24.

3    25.   IBT lacks knowledge or information sufficient to form a belief as to
4  the truth of the allegations of paragraph 25.

5    26.   IBT lacks knowledge or information sufficient to form a belief as to
6  the truth of the allegations of paragraph 26.

7    27.   IBT lacks knowledge or information sufficient to form a belief as to
8  the truth of the allegations of paragraph 27.

9    28.   IBT lacks knowledge or information sufficient to form a belief as to
10  the truth of the allegations of paragraph 28.

11    29.   IBT lacks knowledge or information sufficient to form a belief as to
12  the truth of the allegations of paragraph 29.

13    30.   IBT lacks knowledge or information sufficient to form a belief as to
14  the truth of the allegations of paragraph 30.

15    31.   IBT lacks knowledge or information sufficient to form a belief as to
16  the truth of the allegations of paragraph 31.

17    32.   IBT lacks knowledge or information sufficient to form a belief as to
18  the truth of the allegations of paragraph 32.

19    33.   IBT lacks knowledge or information sufficient to form a belief as to
20  the truth of the allegations of paragraph 33.

21    **THE TRANSACTION**

22    34.   No answer is required to paragraph 34 because the terms of the
23  Securities Purchase Agreement speak for themselves.

24    35.   No answer is required to paragraph 35 because the terms of the
25  Securities Purchase Agreement speak for themselves.

26    36.   IBT lacks knowledge or information sufficient to form a belief as to
27  the truth of the allegations of the first sentence of paragraph 36.  No answer is
28  required to the remaining allegations of paragraph 36 because the terms of the

- 4 -

1   Securities Purchase Agreement and Certificate of Designation speak for
2   themselves.

3       37.    IBT lacks knowledge or information sufficient to form a belief as to
4   the truth of the allegations of the first sentence of paragraph 37.  No answer is
5   required to the balance of paragraph 37 because the contents of the Registration
6   Rights Agreement speak for themselves.

7       38.    IBT admits the allegations of the first four sentences of paragraph 38.
8   IBT lacks knowledge or information sufficient to form a belief as to the truth of the
9   remaining allegations of paragraph 38.

10      39.    IBT admits the allegations of the first two sentences of paragraph 39.
11  IBT lacks knowledge or information sufficient to form a belief as to the truth of the
12  remaining allegations of paragraph 39.

13      40.    No answer is required to paragraph 40 as the terms of the equity swap
14  documents speak for themselves.

15      41.    No answer is required to paragraph 41 as the terms of the equity swap
16  documents speak for themselves.

17      42.    IBT lacks knowledge or information sufficient to form a belief as to
18  the truth of the allegations of paragraph 42.

19      43.    IBT lacks knowledge or information sufficient to form a belief as to
20  the truth of the allegations of paragraph 43.

21      44.    IBT lacks knowledge or information sufficient to form a belief as to
22  the truth of the allegations of paragraph 44.

23      45.    IBT lacks knowledge or information sufficient to form a belief as to
24  the truth of the allegations of paragraph 45.

25      46.    IBT lacks knowledge or information sufficient to form a belief as to
26  the truth of the allegations of paragraph 46.

27      47.    IBT lacks knowledge or information sufficient to form a belief as to
28  the truth of the allegations of paragraph 47.

1    48.    IBT lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of paragraph 48.

3    **FIRST CLAIM FOR RELIEF**

4    **(Violation of Section 10(b) of the Securities Exchange Act and Securities and**

5    **Exchange Commission rule 10b-5 Promulgated Thereunder Against Cogent**

6    **Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital**

7    **Group, LLC, Kofford, and Holden)**

8    49.    IBT repeats and incorporates by reference its responses to paragraphs

9    1 through 48.

10    50-55.    No answer is required to paragraph 50-55 because Count I

11    asserts no claim against IBT.  To the extent an answer is required, IBT lacks

12    knowledge or information sufficient to for a belief as to the truth of the allegations

13    of paragraph 50-55.

14    **SECOND CLAIM FOR RELIEF**

15    **(Rescission of Swap Agreement Documents Based on Illegality Against Cogent**

16    **Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital**

17    **Group, LLC, Kofford, Holden, and Investors Bank & Trust Company)**

18    56.    IBT repeats and incorporates by reference its responses to paragraphs

19    1 through 48.

20    57.    IBT lacks knowledge or information sufficient to form a belief as to

21    the truth of the allegations of paragraph 57.

22    58.    IBT lacks knowledge or information sufficient to form a belief as to

23    the truth of the allegations of paragraph 58.

24    59.    IBT lacks knowledge or information sufficient to form a belief as to

25    the truth of the allegations of paragraph 59.

26    60.    IBT lacks knowledge or information sufficient to form a belief as to

27    the truth of the allegations of paragraph 60.

28

1    61.    No answer is required to paragraph 61 as it purports merely to describe
2    relief requested by Innofone. To the extent an answer is required, IBT denies the
3    allegations of paragraph 61.

4    62.    IBT lacks knowledge or information sufficient to form a belief as to
5    the truth of the allegations of paragraph 62.

6    **THIRD CLAIM FOR RELIEF**

7    **(Rescission of Swap Agreements Based on Fraud or Mistake Against Cogent**
8    **Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital**
9    **Group, LLC, Kofford, Holden, and Investors Bank & Trust Company)**

10   63.    IBT repeats and incorporates by reference its responses to paragraph 1
11   through 48 and 56-62.

12   64.    IBT lacks knowledge or information sufficient to form a belief as to
13   the truth of the allegations of paragraph 64.

14   65.    IBT lacks knowledge or information sufficient to form a belief as to
15   the truth of the allegations of paragraph 65.

16   66.    IBT lacks knowledge or information sufficient to form a belief as to
17   the truth of the allegations of paragraph 66.

18   67.    IBT lacks knowledge or information sufficient to form a belief as to
19   the truth of the allegations of paragraph 67.

20   68.    IBT lacks knowledge or information sufficient to form a belief as to
21   the truth of the allegations of paragraph 68.

22   69.    No answer is required to paragraph 69 as it purports merely to describe
23   relief requested by Innofone. To the extent an answer is required, IBT denies the
24   allegations of paragraph 69.

25   70.    IBT lacks knowledge or information sufficient to form a belief as to
26   the truth of the allegations of paragraph 70.

27

28

1

## **FOURTH CLAIM FOR RELIEF**

2    **(Negligent Misrepresentation Against Cogent Capital Financial, LLC, Cogent**

3    **Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, and Holden)**

4         71.    IBT repeats and incorporates by reference its responses to paragraphs

5    1-48 and 56-70.

6         72-77.         No answer is required to paragraphs 72-77 because Count IV

7    asserts no claim against IBT.  To the extent an answer is required, IBT lacks

8    knowledge or information sufficient to for a belief as to the truth of the allegations

9    of paragraph 72-77.

10

## **FIFTH CLAIM FOR RELIEF**

11    **(Declaratory Relief Pursuant to 28 U.S.C. § 2201 Against Cogent Capital**

12    **Financial, LLC, Cogent Capital Investments, LLC, and Cogent Capital Group,**

13                                    **LLC)**

14         78.    IBT repeats and incorporates by reference its responses to paragraphs

15    1-48 and 56-77.

16         79-84.         No answer is required to paragraphs 79-84 because Count V

17    asserts no claim against IBT.  To the extent an answer is required, IBT lacks

18    knowledge or information sufficient to for a belief as to the truth of the allegations

19    of paragraph 79-84.

20         WHEREFORE, IBT requests that this Court:

21         1.    Dismiss the Complaint against it with prejudice;

22         2.    Award it the costs and reasonable attorneys' fees it has incurred in

23    defending this action;

24

25

26

27

28

- 8 -

1          3.     Award it such other and further relief as may be just and

2 appropriate.

3 Dated:     April 30, 2007                COOKE CLANCY & GRUENTHAL
4                                   LLP

5

6                                   By:
7                                   Marjorie Sommer Cooke (State Bar No. 161694)

8                                   265 Franklin Street
9                                   Boston, Massachusetts 02110
Telephone: (617) 428-6800
Facsimile: (617) 428-6868

10                                 Attorneys for Defendant
11                                 INVESTORS BANK & TRUST COMPANY

1

## PROOF OF SERVICE

2    I declare that I am a partner in the law firm of Cooke Clancy & Gruenthal LLP, whose address is 265 Franklin Street, Boston, MA 02110. I am not a party to

3    the within case, and I am over eighteen years of age.

4    I further declare that on April 30, 2007, I served a copy of the Answer of Defendant Investors Bank & Trust Company by first-class mail, postage prepaid,

5    and by electronic mail, upon the following counsel of record, at the mailing addresses and email addresses set forth below:

6

7    Gidon Caine, Esq.
     gcaine@jonesday.com
     Roderick A. McLeod, Esq.

8    rmcleod@jonesday.com
     Jones Day

9    1755 Embarcadero Road
     Palo Alto, CA 94303

10   Phone: 650-739-3963
     Fax: 650-739-3900

11

     Mark R. McDonald, Esq.
12   MMcDonald@mofo.com
     Selia M. Acevedo, Esq.

13   SeliaAcevedo@mofo.com
     Morrison & Foerster, LLP

14   555 West Fifth Street
     Los Angeles, CA 90013-1024

15   Phone: 213-892-5200
     Fax: 213-892-5454

16

     Joel C. Haims, Esq.
17   JHaims@mofo.com
     Morrison & Foerster, LLP

18   1290 Avenue of the Americas
     New York, NY 10104-0185

19   Phone: 212-468-8000
     Fax: 212-468-7900

20

     I declare under penalty of perjury that the foregoing is true and correct.

21

     Executed at Boston, Massachusetts on April 30, 2007.

22

23

24                                                    Paula M. Bagger

25

26

27

28

- 10 -