UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
Cogent Capital Financial LLC and Cogent Capital
Investments LLC,                                              :

                        Plaintiffs,         :     **ECF CASE**

            - against -                     :     No. 07 Civ. 2701 (JSR)

Innofone.com, Incorporated,                                  :

                    Defendant.          :
------------------------------------------------------------- x
Innofone.com, Incorporated,                                  :

                  Plaintiff,          :

            - against -                     :     **ECF CASE**

Cogent Capital Financial LLC, Cogent Capital           :     No. 07 Civ. 3966 (JSR)
Investments LLC, Cogent Capital Group LLC,
Gregory L. Kofford, Mark W. Holden, and Investors  :
Bank & Trust Company,
                                                             :
                  Defendants.         :
------------------------------------------------------------- x


**PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFF INNOFONE.COM, INCORPORATED'S MOTION
FOR SUMMARY JUDGMENT**

Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:  415-626-3939
Facsimile:  415-875-5700

*Attorneys for Plaintiff
Innofone.com, Incorporated*


*Of Counsel:*
    *Roderick A. McLeod*
    *Gidon M. Caine*
    *Jessica L. Repa*
    *Joanna Rosen*

# INTRODUCTION

Plaintiff Innofone.com Incorporated ("Innofone") hereby submits the following Statement of Material Undisputed Facts pursuant to Local Civil Rule 56-1 and Fed. R. Civ. P. 56 in Support of its Motion for Summary Judgment in the above-referenced action between plaintiff Innofone and defendants Cogent Capital Financial LLC, Cogent Capital Investments LLC, Cogent Capital Group LLC, Gregory L. Kofford, Mark W. Holden, and Investors Bank & Trust Company.

The following material undisputed facts are grouped according to the individual claims to which the facts relate. Material undisputed facts that relate to more than one claim are re-stated where applicable for clarity. Copies of exhibits cited herein are annexed to the declaration of Alex Lightman, dated May 31, 2007 ("Lightman Decl.").

## STATEMENT OF MATERIAL UNDISPUTED FACTS

| MATERIAL UNDISPUTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| **SECOND CLAIM FOR RELIEF** | |
| **Rescission Based Upon Illegality** | |
| 1. On May 5, 2006, Alex Lightman sent Gregory L. Kofford and Mark W. Holden an executed letter in which Innofone and Cogent Capital Group LLC agreed to move forward with a proposed investment of between $15 and $50 million and Cogent Capital Group received $25,000 for due | Lightman Decl. ¶ 8.  May 5 Letter Agreement, attached as Exhibit B to the Lightman Decl. |

diligence fees and $3,000 for an escrow fee.

| | | |
|---|---|---|
| 2. | By agreement dated as of June 2, 2006, Innofone, Cogent Capital Financial LLC, and Cogent Capital Investments LLC, entered into a financing arrangement which involved the purchase of shares and a simultaneous Equity Swap transaction by which Cogent Capital Investments bought 1.85 million shares of Innofone common stock and 4.815 million shares of Innofone's Series A convertible preferred stock for $50 million in U.S. Treasury Bonds, and Innofone paid a fee for the Equity Swap to Cogent Capital Financial comprised of 5 million shares of Innofone common stock, a warrant to purchase another 5 million shares of common stock, and $1.375 million (hereafter "Transaction"). | Lightman Decl. ¶¶ 15-18.<br><br>Securities Purchase Agreement, Section 1.1, attached as Ex. C to Lightman Decl.<br><br>June 2, 2006 Equity Swap Transaction Confirmation, at 4-5, attached as Ex. G to Lightman Decl. |
| 3. | The following contract documents comprise the Transaction documents:<br>    i. Securities Purchase Agreement<br>    ii. Escrow Agreement<br>    iii. Master Agreement<br>    iv. Schedule to the Master Agreement<br>    v. June 2, 2006 Equity Swap Transaction | Lightman Decl. ¶ 20.<br><br>Securities Purchase Agreement, attached as Ex. C to Lightman Decl.<br><br>Escrow Agreement, attached as Ex. D to Lightman Decl. |

| | |
|---|---|
| Confirmation | |
| vi. Credit Support Annex | Master Agreement, attached as Ex. E to Lightman Decl. |
| vii. Registration Rights Agreement | |
| viii. Warrant | |
| ix. November 1, 2006 Equity Swap Transaction Confirmation | Schedule to the Master Agreement, attached as Ex. F to Lightman Decl. |
| x. November 1, 2006 Interest Rate Swap Transaction | |
| | June 2, 2006 Equity Swap Transaction Confirmation, attached as Ex. G to Lightman Decl. |
| | Credit Support Annex, attached as Ex. H to Lightman Decl. |
| | Registration Rights Agreement, attached as Ex. I to Lightman Decl. |
| | Warrant, attached as Ex. J to Lightman Decl. |
| | Nov. 1, 2006 Equity Swap Transaction Confirmation, attached as Ex. K to Lightman Decl. |
| | Nov. 1, 2006 Interest Rate Swap Transaction, attached as Ex. L to Lightman Decl. |

| | | |
|---|---|---|
| 4. | Innofone deposited with Investors Bank & Trust Company (the "escrow agent") the common and preferred shares underlying the Transaction. | Lightman Decl. ¶ 22.<br><br>Escrow Agreement, ¶1(b), attached as Ex. D to Lightman Decl. |
| 5. | Cogent Capital Investments deposited with the escrow agent the $50 million in U.S. Treasury bonds. | Lightman Decl. ¶ 21.<br><br>Escrow Agreement, ¶1(a), attached as Ex. D to Lightman Decl. |
| 6. | Settlements under the Equity Swap (i.e. the exchange of Innofone stock for the Cogent bonds) could not commence until after a resale registration statement pursuant to Securities and Exchange Commission ("SEC") Rules and Regulations had become effective for at least 10 million Innofone shares and an effective registration statement maintained for the full amount of the shares. | Lightman Decl. ¶ 17.<br><br>Warrant, § 3(d), attached as Ex. J to Lightman Decl.<br><br>Schedule to the Master Agreement, § 8, attached as Ex. F Lightman Decl.<br><br>June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's |

|  | cash requirements."), attached as Ex. N to Lightman Decl. |
|---|---|
|  | October 24, 2006 Innofone Response Letter to SEC, at Response 1 ("[S]ettlements under the Equity Swap do not commence until after the resale registration statement becomes effective."), attached as Ex. W to Lightman Decl. |
|  | Nov. 1, 2006 Equity Swap Transaction Confirmation, at 6 ("The 'Trigger Date' shall mean the first date as of which the Resale condition has been satisfied with respect to at least 10,000,000 Shares"), attached as Ex. K to Lightman Decl. |
|  | April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
| 7.  The Equity Swap provided that the exchange of Innofone stock for the bonds would occur over a 30 month period. | June 2, 2006 Equity Swap Transaction Confirmation, at 6-10, 15, attached as Ex. G to Lightman Decl. |

| | |
|---|---|
| | November 1, 2006 Equity Swap Transaction Confirmation, at 2, 11-12, attached as Ex. K to Lightman Decl.<br><br>Lightman Decl. ¶ 17. |
| 8. On July 19, 2006 Innofone filed an SB-2 registration statement with the SEC for the purpose of registering 48,150,000 shares of common stock underlying the Transaction. | July 19, 2006 SB-2 Registration Statement, at 3, attached as Ex. R to Lightman Decl. |
| 9. Innofone amended its SB-2 three times (on August 28, 2006, October 24, 2006 and December 8, 2006) in response to continuing SEC questions about the validity of the Transaction. | Lightman Decl. ¶¶ 34 - 44.<br><br>Aug. 11, 2006 SEC Letter, attached as Ex. S to Lightman Decl.<br><br>Aug. 28, 2006 First-Amended SB-2, attached as Ex. T to Lightman Decl.<br><br>Sept. 14, 2006 SEC Letter, attached as Ex. U to Lightman Decl.<br><br>Sept. 27, 2006 Innofone Response Letter to SEC, attached as Ex. V to Lightman Decl.<br><br>Oct. 24, 2006 Innofone Response Letter to SEC, attached as Ex. W to Lightman Decl. |

|  | Nov. 7, 2006 SEC Letter, attached as Ex. X to Lightman Decl. |
|  | Dec. 8, 2006 Innofone Response Letter to SEC, attached as Ex. Y to Lightman Decl. |
|  | January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl. |
|  | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 10. On December 28, 2006, the SEC advised Innofone that it could not register the resale of the shares of common stock issued to Cogent. | Lightman Decl. ¶ 41.<br><br>December 28, 2006 SEC Letter, ¶1 ("Therefore, we do not agree with your conclusion that the private placement is complete in light of the fact that the total consideration you will receive for the private placement will not be determined until the equity swap has been completed.  As a result **you may not register the resale of the shares of common stock** issued in the private placement to Cogent until that private placement has been completed.  Please revise |

|  | your registration statement accordingly.") (Emphasis added), attached as Ex. Z to Lightman Decl. |
|---|---|
| 11. SEC Regulations prohibit the sale of securities to the public without an effective registration statement. | 15 U.S.C. § 77e and the regulations promulgated thereunder.<br><br>Rule 415(a)(1)(i), codified at 17 C.F.R. 230.415(a)(1)(i).<br><br>Revision of Rule 144, Rule 145 and Form 144, Securities Act Release No. 33-7391, at 35 (Feb. 20, 1997).<br><br>15 U.S.C. § 77(x) and the regulations promulgated thereunder.<br><br>January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl.<br><br>January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 12. After the SEC's most recent rejection on March 9, 2007 of Innofone's proposed SB-2 registration, Innofone sought rescission | March 9, 2007 SEC Letter, ¶¶5-9,  attached as Ex. BB to Lightman Decl. |

| | |
|---|---|
| without delay. | Innofone Complaint, ¶48, attached as Ex. CC to Lightman Decl. |
| | Lightman Decl. ¶¶ 46 - 47. |

### THIRD CLAIM FOR RELIEF

**Rescission Based Upon Mutual Mistake**

| | |
|---|---|
| 13. On May 5, 2006, Alex Lightman sent Gregory L. Kofford and Mark W. Holden an executed letter in which Innofone and Cogent Capital Group LLC agreed to move forward with a proposed investment of between $15 and $50 million and Cogent Capital Group received $25,000 for due diligence fees and $3,000 for an escrow fee. | Lightman Decl. ¶ 8.  May 5 Letter Agreement, attached as Ex. B to Lightman Decl. |
| **[This fact is identical to UF 1.]** | |
| 14. By agreement dated as of June 2, 2006, Innofone, Cogent Capital Financial LLC, and Cogent Capital Investments LLC, entered into a financing arrangement which involved the purchase of shares and a simultaneous Equity Swap transaction by which Cogent Capital Investments bought 1.85 million shares of Innofone common stock and 4.815 million shares of Innofone's Series A convertible preferred | Lightman Decl. ¶¶ 15-18.  Securities Purchase Agreement, Section 1.1, attached as Ex. C to Lightman Decl.  June 2, 2006 Equity Swap Transaction Confirmation, at 4-5, attached as Ex. G to Lightman Decl. |

stock for $50 million in U.S. Treasury
Bonds, and Innofone paid a fee for the
Equity Swap to Cogent Capital Financial
comprised of 5 million shares of Innofone
common stock, a warrant to purchase
another 5 million shares of common stock,
and $1.375 million (hereafter
"Transaction").

**[This fact is identical to UF 2.]**

| | |
|---|---|
| 15. The following contract documents comprise the Transaction documents:<br><br>    i. Securities Purchase Agreement<br>    ii. Escrow Agreement<br>    iii. Master Agreement<br>    iv. Schedule to the Master Agreement<br>    v. June 2, 2006 Equity Swap Transaction Confirmation<br>    vi. Credit Support Annex<br>    vii. Registration Rights Agreement<br>    viii. Warrant<br>    ix. November 1, 2006 Equity Swap Transaction Confirmation<br>    x. November 1, 2006 Interest Rate Swap Transaction<br><br>**[This fact is identical to UF 3.]** | Lightman Decl. ¶ 20.<br><br>Securities Purchase Agreement, attached as Ex. C to Lightman Decl.<br><br>Escrow Agreement, attached as Ex. D to Lightman Decl.<br><br>Master Agreement, attached as Ex. E to Lightman Decl.<br><br>Schedule to the Master Agreement, attached as Ex. F to Lightman Decl.<br><br>June 2, 2006 Equity Swap Transaction Confirmation, attached as Ex. G to Lightman Decl. |

| | |
|---|---|
| | Credit Support Annex, attached as Ex. H to Lightman Decl. |
| | Registration Rights Agreement, attached as Ex. I to Lightman Decl. |
| | Warrant, attached as Ex. J to Lightman Decl. |
| | Nov. 1, 2006 Equity Swap Transaction Confirmation, attached as Ex. K to Lightman Decl. |
| | Nov. 1, 2006 Interest Rate Swap Transaction, attached as Ex. L to Lightman Decl. |
| 16. Innofone, Cogent Capital Financial, LLC and Cogent Capital Investments, LLC entered into the Transaction with the understanding that the shares underlying the Transaction would have an effective resale registration statement. | May 2, 2006 Kofford email ("These indicative prices also assume that the company will be in a position to move from the bulletin board to Amex prior to or concurrent with the effectiveness of the registration of the shares underlying our investment."), attached as Ex. A to Lightman Decl. |
| | June 1, 2006 Lightman email ("After closing our highest priorities will be to get the SB-2 |

registering your shares approved."), attached as Ex. M to Lightman Decl.

June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's cash requirements."), attached as Ex. N to Lightman Decl.

Aug. 24, 2006 Kaufman email, attached as Ex. P to Lightman Decl.

Aug. 25, 2006 Kaufman email, attached as Ex. Q to Lightman Decl.

January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl.

April 5, 2007 Cogent Complaint (SDNY), ¶21, attached as Ex. O to the Lightman Decl.

| | Lightman Decl. ¶¶ 11, 14, 23 - 28. |
|---|---|
| 17. Settlements under the Equity Swap (i.e. the exchange of Innofone stock for the Cogent bonds) could not commence until after a resale registration statement pursuant to Securities and Exchange Commission ("SEC") Rules and Regulations had become effective for at least 10 million Innofone shares and an effective registration statement maintained for the full amount of the shares.<br><br>**[This fact is identical to UF 6.]** | Lightman Decl. ¶ 17.<br><br>Warrant, § 3(d), attached as Ex. J to Lightman Decl.<br><br>Schedule to the Master Agreement, § 8, attached as Ex. F to Lightman Decl.<br><br>June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's cash requirements."), attached as Ex. N to Lightman Decl.<br><br>October 24, 2006 Innofone Response Letter to SEC, at Response 1  ("[S]ettlements under the Equity Swap do not commence until after the resale registration statement becomes |

|  |  |
|---|---|
|  | effective."), attached as Ex. W to Lightman Decl. |
|  | Nov. 1, 2006 Equity Swap Transaction Confirmation, at 6 ("The 'Trigger Date' shall mean the first date as of which the Resale condition has been satisfied with respect to at least 10,000,000 Shares"), attached as Ex. K to Lightman Decl. |
|  | April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
| 18. Effective registration of the underlying shares is a condition of the Transaction. | Lightman Decl. ¶¶ 24 - 28. |
|  | June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's |

|  |  |
|---|---|
|  | cash requirements."), attached as Ex. N to Lightman Decl.<br><br>April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
| 19. Innofone, Cogent Capital Financial LLC and Cogent Capital Investments LLC believed that the SEC would approve Innofone common stock sold to Cogent Capital Financial LLC and Cogent Capital Investments LLC pursuant to the Transaction. | May 2, 2006 Kofford email ("[O]ur typical investment provides for a partial valuation of the equity swap and release of collateral as soon as 90 days from effectiveness of registration."), attached as Ex. A to Lightman Decl.<br><br>Lightman Decl. ¶ 11, 14, 23 - 28. |
| 20. The parties were mistaken that the SEC would approve registration of the shares. | Lightman Decl. ¶ 48.<br><br>Aug. 11, 2006 SEC Letter, attached as Ex. S to Lightman Decl.<br><br>Aug. 28, 2006 First-Amended SB-2, attached as Ex. T to Lightman Decl.<br><br>Sept. 14, 2006 SEC Letter, attached as Ex. U to Lightman Decl. |

|  | Sept. 27, 2006 Innofone Response Letter to SEC, attached as Ex. V to Lightman Decl. |
|  | Oct. 24, 2006 Innofone Response Letter to SEC, attached as Ex. W to Lightman Decl. |
|  | Nov. 7, 2006 SEC Letter, attached as Ex. X to Lightman Decl. |
|  | Dec. 8, 2006 Innofone Response Letter to SEC, attached as Ex. Y to Lightman Decl. |
|  | January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl. |
|  | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 21. On December 28, 2006, the SEC advised Innofone that it could not register the resale of the shares of common stock issued to Cogent. **[This fact is identical to UF 10.]** | Lightman Decl. ¶ 41.<br><br>December 28, 2006 SEC Letter, ¶1 ("Therefore, we do not agree with your conclusion that the private placement is complete in light of the fact that the total consideration you will receive for the private |

| | |
|---|---|
| | placement will not be determined until the equity swap has been completed.  As a result **you may not register the resale of the shares of common stock** issued in the private placement to Cogent until that private placement has been completed.  Please revise your registration statement accordingly.") (Emphasis added), attached as Ex. Z to Lightman Decl. |
| 22. Innofone has not received any benefit from the Transaction. | Lightman Decl. ¶ 49. |
| 23. The Transaction continues to be a detriment to Innofone since Innofone is required to pay monthly interest on the bonds. | Lightman Decl. ¶ 50. |
| 24. After the SEC's most recent rejection on March 9, 2007 of Innofone's proposed SB-2 registration, Innofone sought rescission without delay. **[This fact is identical to UF 12.]** | March 9, 2007 SEC Letter, ¶¶5-9, attached as Ex. BB to Lightman Decl.<br><br>Innofone Complaint, ¶48, attached as Ex. CC to Lightman Decl.<br><br>Lightman Decl. ¶¶  46 - 47. |

### FIFTH CLAIM FOR RELIEF

**Declaratory Relief Based Upon Impossibility**

| | |
|---|---|
| 25. On May 5, 2006, Alex Lightman sent Gregory L. Kofford and Mark W. Holden an executed letter in which Innofone and | Lightman Decl. ¶ 8.<br><br>May 5 Letter Agreement, attached as Ex. B to |

| | |
|---|---|
| Cogent Capital Group LLC agreed to move forward with a proposed investment of between $15 and $50 million and Cogent Capital Group received $25,000 for due diligence fees and $3,000 for an escrow fee. | Lightman Decl. |
| **[This fact is identical to UF 1.]** | |
| 26. By agreement dated as of June 2, 2006, Innofone, Cogent Capital Financial LLC, and Cogent Capital Investments LLC, entered into a financing arrangement which involved the purchase of shares and a simultaneous Equity Swap transaction by which Cogent Capital Investments bought 1.85 million shares of Innofone common stock and 4.815 million shares of Innofone's Series A convertible preferred stock for $50 million in U.S. Treasury Bonds, and Innofone paid a fee for the Equity Swap to Cogent Capital Financial comprised of 5 million shares of Innofone common stock, a warrant to purchase another 5 million shares of common stock, and $1.375 million (hereafter "Transaction"). | Lightman Decl. ¶¶ 15-18.<br><br>Securities Purchase Agreement, Section 1.1, attached as Ex. C to Lightman Decl.<br><br>June 2, 2006 Equity Swap Transaction Confirmation, at 4-5, attached as Ex. G to Lightman Decl. |
| **[This fact is identical to UF 2.]** | |
| 27. The following contract documents comprise | Lightman Decl. ¶ 20. |

the Transaction documents:

i. Securities Purchase Agreement

ii. Escrow Agreement

iii. Master Agreement

iv. Schedule to the Master Agreement

v. June 2, 2006 Equity Swap Transaction Confirmation

vi. Credit Support Annex

vii. Registration Rights Agreement

viii. Warrant

ix. November 1, 2006 Equity Swap Transaction Confirmation

x. November 1, 2006 Interest Rate Swap Transaction

**[This fact is identical to UF 3.]**

Securities Purchase Agreement, attached as Ex. C to Lightman Decl.

Escrow Agreement, attached as Ex. D to Lightman Decl.

Master Agreement, attached as Ex. E to Lightman Decl.

Schedule to the Master Agreement, attached as Ex. F to Lightman Decl.

June 2, 2006 Equity Swap Transaction Confirmation, attached as Ex. G to Lightman Decl.

Credit Support Annex, attached as Ex. H to Lightman Decl.

Registration Rights Agreement, attached as Ex. I to Lightman Decl.

Warrant, attached as Ex. J to Lightman Decl.

Nov. 1, 2006 Equity Swap Transaction

| | |
|---|---|
| | Confirmation, attached as Ex. K to Lightman Decl. |
| | Nov. 1, 2006 Interest Rate Swap Transaction, attached as Ex. L to Lightman Decl. |
| 28. Innofone deposited with Investors Bank & Trust Company (the "escrow agent") the common and preferred shares underlying the Transaction. <br> **[This fact is identical to UF 4.]** | Lightman Decl. ¶ 22. <br><br> Escrow Agreement, ¶1(b), attached as Ex. D to Lightman Decl. |
| 29. Cogent Capital Investments deposited with the escrow agent the $50 million in U.S. Treasury bonds. <br> **[This fact is identical to UF 5.]** | Lightman Decl. ¶ 21. <br><br> Escrow Agreement, ¶1(a), attached as Ex. D to Lightman Decl. |
| 30. Settlements under the Equity Swap (i.e. the exchange of Innofone stock for the Cogent bonds) could not commence until after a resale registration statement pursuant to Securities and Exchange Commission ("SEC") Rules and Regulations had become effective for at least 10 million Innofone shares and an effective registration statement maintained for the full amount of the shares. <br> **[This fact is identical to UF 6.]** | Lightman Decl. ¶17. <br><br> Warrant, § 3(d), attached as Ex. J to Lightman Decl. <br><br> Schedule to the Master Agreement, § 8, attached as Ex. F Lightman Decl. <br><br> June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a |

defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's cash requirements."), attached as Ex. N to Lightman Decl.

October 24, 2006 Innofone Response Letter to SEC, at Response 1  ("[S]ettlements under the Equity Swap do not commence until after the resale registration statement becomes effective."), attached as Ex. W to Lightman Decl.

Nov. 1, 2006 Equity Swap Transaction Confirmation, at 6 ("The 'Trigger Date' shall mean the first date as of which the Resale condition has been satisfied with respect to at least 10,000,000 Shares"), attached as Ex. K to Lightman Decl.

April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O

| | to Lightman Decl. |
|---|---|
| 31. The Equity Swap provided that the exchange of Innofone stock for the bonds would occur over a 30 month period. **[This fact is identical to UF 7.]** | June 2, 2006 Equity Swap Transaction Confirmation, at 6-10, 15, attached as Ex. G to Lightman Decl.<br><br>November 1, 2006 Equity Swap Transaction Confirmation, at 2, 11-12, attached as Ex. K to Lightman Decl.<br><br>Lightman Decl. ¶ 17. |
| 32. On July 19, 2006 Innofone filed an SB-2 registration statement with the SEC for the purpose of registering 48,150,000 shares of common stock underlying the Transaction. **[This fact is identical to UF 8.]** | July 19, 2006 SB-2 Registration Statement, at 3, attached as Ex. R to Lightman Decl. |
| 33. Innofone amended its SB-2 three times (on August 28, 2006, October 24, 2006 and December 8, 2006) in response to continuing SEC questions about the validity of the Transaction. **[This fact is identical to UF 9.]** | Lightman Decl. ¶¶ 34 - 44.<br><br>Aug. 11, 2006 SEC Letter, attached as Ex. S to Lightman Decl.<br><br>Aug. 28, 2006 First-Amended SB-2, attached as Ex. T to Lightman Decl.<br><br>Sept. 14, 2006 SEC Letter, attached as Ex. U to Lightman Decl. |

| | |
|---|---|
| | Sept. 27, 2006 Innofone Response Letter to SEC, attached as Ex. V to Lightman Decl. |
| | Oct. 24, 2006 Innofone Response Letter to SEC, attached as Ex. W to Lightman Decl. |
| | Nov. 7, 2006 SEC Letter, attached as Ex. X to Lightman Decl. |
| | Dec. 8, 2006 Innofone Response Letter to SEC, attached as Ex. Y to Lightman Decl. |
| | January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl. |
| | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 34. Effective registration of the underlying shares is a condition of the Transaction.<br><br>**[This fact is identical to UF 18.]** | Lightman Decl. ¶¶ 24 - 28.<br><br>June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration |

|  |  |
|---|---|
|  | of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's cash requirements."), attached as Ex. N to Lightman Decl. |
|  | April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
| 35. SEC Regulations prohibit the sale of securities to the public without an effective registration statement.<br><br>**[This fact is identical to UF 11.]** | 15 U.S.C. § 77e and the regulations promulgated thereunder.<br><br>Rule 415(a)(1)(i), codified at 17 C.F.R. 230.415(a)(1)(i).<br><br>Revision of Rule 144, Rule 145 and Form 144, Securities Act Release No. 33-7391, at 35 (Feb. 20, 1997).<br><br>15 U.S.C. § 77(x) and the regulations promulgated thereunder.<br><br>January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl. |

| | |
|---|---|
| | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 36. The SEC refused to approve the registration each of the four separate occasions Innofone sought approval. | Lightman Decl. ¶¶ 29, 33, 34, 36, 39, 41, 44 - 46. |
| | Aug. 11, 2006 SEC Letter, attached as Ex. S to Lightman Decl. |
| | Sept. 14, 2006 SEC Letter, attached as Ex. U to Lightman Decl. |
| | Nov. 7, 2006 SEC Letter, attached as Ex. X to Lightman Decl. |
| | December 28, 2006 SEC Letter, attached as Ex. Z to Lightman Decl. |
| | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| | March 9, 2007 SEC Letter, attached as Ex. BB to Lightman Decl. |

| | |
|---|---|
| 37. On December 28, 2006, the SEC advised Innofone that it could not register the resale of the shares of common stock issued to Cogent.<br><br>**[This fact is identical to UF 10.]** | Lightman Decl. ¶ 41.<br><br>December 28, 2006 SEC Letter, ¶1 ("Therefore, we do not agree with your conclusion that the private placement is complete in light of the fact that the total consideration you will receive for the private placement will not be determined until the equity swap has been completed.  As a result **you may not register the resale of the shares of common stock** issued in the private placement to Cogent until that private placement has been completed.  Please revise your registration statement accordingly.") (Emphasis added), attached as Ex. Z to Lightman Decl. |
| 38. After the SEC's most recent rejection on March 9, 2007 of Innofone's proposed SB-2 registration, Innofone sought rescission without delay.<br><br>**[This fact is identical to UF 12.]** | March 9, 2007 SEC Letter, ¶¶5-9, attached as Ex. BB to Lightman Decl.<br><br>Innofone Complaint, ¶48, attached as Ex. CC to Lightman Decl.<br><br>Lightman Decl. ¶¶  46 - 47. |

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief Based Upon Failure of Consideration.

| | |
|---|---|
| 39. On May 5, 2006, Alex Lightman sent Gregory L. Kofford and Mark W. Holden an executed letter in which Innofone and Cogent Capital Group LLC agreed to move forward with a proposed investment of between $15 and $50 million and Cogent Capital Group received $25,000 for due diligence fees and $3,000 for an escrow fee. **[This fact is identical to UF 1.]** | Lightman Decl. ¶ 8.<br><br>May 5 Letter Agreement, attached as Ex. B to Lightman Decl. |
| 40. By agreement dated as of June 2, 2006, Innofone, Cogent Capital Financial LLC, and Cogent Capital Investments LLC, entered into a financing arrangement which involved the purchase of shares and a simultaneous Equity Swap transaction by which Cogent Capital Investments bought 1.85 million shares of Innofone common stock and 4.815 million shares of Innofone's Series A convertible preferred stock for $50 million in U.S. Treasury Bonds, and Innofone paid a fee for the Equity Swap to Cogent Capital Financial comprised of 5 million shares of Innofone common stock, a warrant to purchase | Lightman Decl. ¶¶ 15-18.<br><br>Securities Purchase Agreement, Section 1.1, attached as Ex. C to Lightman Decl.<br><br>June 2, 2006 Equity Swap Transaction Confirmation, at 4-5, attached as Ex. G to Lightman Decl. |

another 5 million shares of common stock,

and $1.375 million (hereafter

"Transaction").

**[This fact is identical to UF 2.]**

41. The following contract documents comprise    Lightman Decl. ¶ 20.

the Transaction documents:

    i. Securities Purchase Agreement    Securities Purchase Agreement, attached as

    ii. Escrow Agreement    Ex. C to Lightman Decl.

   iii. Master Agreement

    iv. Schedule to the Master Agreement    Escrow Agreement, attached as Ex. D to

    v. June 2, 2006 Equity Swap Transaction    Lightman Decl.

      Confirmation

    vi. Credit Support Annex    Master Agreement, attached as Ex. E to

   vii. Registration Rights Agreement    Lightman Decl.

  viii. Warrant

    ix. November 1, 2006 Equity Swap    Schedule to the Master Agreement, attached

      Transaction Confirmation    as Ex. F to Lightman Decl.

    x. November 1, 2006 Interest Rate Swap

      Transaction    June 2, 2006 Equity Swap Transaction

**[This fact is identical to UF 3.]**    Confirmation, attached as Ex. G to Lightman

Decl.

Credit Support Annex, attached as Ex. H to

Lightman Decl.

Registration Rights Agreement, attached as

| | |
|---|---|
| | Ex. I to Lightman Decl. |
| | Warrant, attached as Ex. J to Lightman Decl. |
| | Nov. 1, 2006 Equity Swap Transaction Confirmation, attached as Ex. K to Lightman Decl. |
| | Nov. 1, 2006 Interest Rate Swap Transaction, attached as Ex. L to Lightman Decl. |
| 42. Innofone deposited with Investors Bank & Trust Company (the "escrow agent") the common and preferred shares underlying the Transaction.<br>**[This fact is identical to UF 4.]** | Lightman Decl. ¶ 22.<br><br>Escrow Agreement, ¶1(b), attached as Ex. D to Lightman Decl. |
| 43. Cogent Capital Investments deposited with the escrow agent the $50 million in U.S. Treasury bonds.<br>**[This fact is identical to UF 5.]** | Lightman Decl. ¶ 21.<br><br>Escrow Agreement, ¶1(a), attached as Ex. D to Lightman Decl. |
| 44. Settlements under the Equity Swap (i.e. the exchange of Innofone stock for the Cogent bonds) could not commence until after a resale registration statement pursuant to Securities and Exchange Commission ("SEC") Rules and Regulations had become effective for at least 10 million Innofone | Lightman Decl. ¶17.<br><br>Warrant, § 3(d), attached as Ex. J to Lightman Decl.<br><br>Schedule to the Master Agreement, § 8, attached as Ex. F to Lightman Decl. |

shares and an effective registration statement maintained for the full amount of the shares.

**[This fact is identical to UF 6.]**

June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's cash requirements."), attached as Ex. N to Lightman Decl.

October 24, 2006 Innofone Response Letter to SEC, at Response 1 ("[S]ettlements under the Equity Swap do not commence until after the resale registration statement becomes effective."), attached as Ex. W to Lightman Decl.

Nov. 1, 2006 Equity Swap Transaction Confirmation, at 6 ("The 'Trigger Date' shall mean the first date as of which the Resale condition has been satisfied with respect to at least 10,000,000 Shares"), attached as Ex. K to Lightman Decl.

| | |
|---|---|
| | April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
| 45. The Equity Swap provided that the exchange of Innofone stock for the bonds would occur over a 30 month period.<br><br>**[This fact is identical to UF 7.]** | June 2, 2006 Equity Swap Transaction Confirmation, at 6-10, 15, attached as Ex. G to Lightman Decl.<br><br>November 1, 2006 Equity Swap Transaction Confirmation, at 2, 11-12, attached as Ex. K to Lightman Decl.<br><br>Lightman Decl. ¶ 17. |
| 46. Effective registration of the underlying shares is a condition of the Transaction.<br><br>**[This fact is identical to UF 18.]** | June 13, 2006 Holden email ("The receipt of any additional funds via the equity swap (and also access to the $50 mm in T-bonds from the private placement) takes place through a defined schedule over 30 months (as Gerard noted, beginning 30 days after a registration of the shares we purchased is effective) which schedule has been designed with timing intended to coordinate with INFN's |

| | cash requirements."), attached as Ex. N to Lightman Decl.<br><br>April 5, 2007 Cogent Complaint (SDNY), ¶21 ("Among the conditions is a requirement that Innofone maintain an effective registration statement…."), attached as Ex. O to Lightman Decl. |
|---|---|
| 47. SEC Regulations prohibit the sale of securities to the public without an effective registration statement.<br><br>**[This fact is identical to UF 11.]** | 15 U.S.C. § 77e and the regulations promulgated thereunder.<br><br>Rule 415(a)(1)(i), codified at 17 C.F.R. 230.415(a)(1)(i).<br><br>Revision of Rule 144, Rule 145 and Form 144, Securities Act Release No. 33-7391, at 35 (Feb. 20, 1997).<br><br>15 U.S.C. § 77(x) and the regulations promulgated thereunder.<br><br>January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl.<br><br>January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |

| | |
|---|---|
| 48. On July 19, 2006 Innofone filed an SB-2 registration statement with the SEC for the purpose of registering 48,150,000 shares of common stock underlying the Transaction.<br><br>**[This fact is identical to UF 8.]** | July 19, 2006 SB-2 Registration Statement, at 3, attached as Ex. R to Lightman Decl. |
| 49. Innofone amended its SB-2 three times (on August 28, 2006, October 24, 2006 and December 8, 2006) in response to continuing SEC questions about the validity of the Transaction.<br><br>**[This fact is identical to UF 9.]** | Lightman Decl. ¶¶ 34 - 44.<br><br>Aug. 11, 2006 SEC Letter, attached as Ex. S to Lightman Decl.<br><br>Aug. 28, 2006 First-Amended SB-2, attached as Ex. T to Lightman Decl.<br><br>Sept. 14, 2006 SEC Letter, attached as Ex. U to Lightman Decl.<br><br>Sept. 27, 2006 Innofone Response Letter to SEC, attached as Ex. V to Lightman Decl.<br><br>Oct. 24, 2006 Innofone Response Letter to SEC, attached as Ex. W to Lightman Decl.<br><br>Nov. 7, 2006 SEC Letter, attached as Ex. X to Lightman Decl.<br><br>Dec. 8, 2006 Innofone Response Letter to |

| | |
|---|---|
| | SEC, attached as Ex. Y to Lightman Decl. |
| | January 18, 2007 Cogent Response Letter to SEC, attached as Ex. AA to Lightman Decl. |
| | January 24, 2007 SEC Letter, attached as Ex. DD to Lightman Decl. |
| 50. On December 28, 2006, the SEC advised Innofone that it could not register the resale of the shares of common stock issued to Cogent. **[This fact is identical to UF 10.]** | Lightman Decl. ¶ 41.<br><br>December 28, 2006 SEC Letter, ¶1 ("Therefore, we do not agree with your conclusion that the private placement is complete in light of the fact that the total consideration you will receive for the private placement will not be determined until the equity swap has been completed.  As a result **you may not register the resale of the shares of common stock** issued in the private placement to Cogent until that private placement has been completed.  Please revise your registration statement accordingly.") (Emphasis added), attached as Ex. Z to Lightman Decl. |

| | |
|---|---|
| 51. Innofone is unable to access the U.S. Treasury Bonds because the SEC refuses to approve the registration of the Innofone common stock that was issued pursuant to the Transaction. | Lightman Decl. ¶¶ 49 - 50. |
| 52. Innofone has not received any benefit from the Transaction.<br>**[This fact is identical to UF 22.]** | Lightman Decl. ¶ 49. |
| 53. The Transaction continues to be a detriment to Innofone since Innofone is required to pay monthly interest on the bonds.<br>**[This fact is identical to UF 23.]** | Lightman Decl. ¶ 50. |
| 54. After the SEC's most recent rejection on March 9, 2007 of Innofone's proposed SB-2 registration, Innofone sought rescission without delay.<br>**[This fact is identical to UF 12.]** | March 9, 2007 SEC Letter, ¶¶5-9, attached as Ex. BB to Lightman Decl.<br><br>Innofone Complaint, ¶48, attached as Ex. CC to Lightman Decl.<br><br>Lightman Decl. ¶¶ 46 - 47. |

Dated: San Francisco, California
      June 4, 2007

Of Counsel:                                         JONES DAY

Gidon M. Caine (GC 9923)
JONES DAY                                           By:    /s/_____
1755 Embarcadero Road                                       Roderick A. McLeod (RM 4936)
Palo Alto, California  94303
Telephone:  (650) 739-3939                                  JONES DAY
Facsimile:  (650) 739-3900                                  555 California Avenue
        Suite 2600
Jessica L. Repa                                             San Francisco, California  94104
Joanna Rosen                                                Telephone: (415) 626-3939
JONES DAY                                                   Facsimile: (415) 875-5700
555 California Avenue
Suite 2600                                                  Attorneys for Plaintiff
San Francisco, California  94104                            Innofone.com, Incorporated
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

SFI-565154v2