1003R1

**Time of Request:** Tuesday, May 29, 2007   09:37:40 EST
**Client ID/Project Name:** 58694-0000004-11515:
**Number of Lines:** 72
**Job Number:**    1842:29905297

Research Information

**Service:**   LEXSTAT(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSTAT(R)
**Search Terms:** 22 NY Jur Contracts 144

**Send to:**   BILIK, SHIRI
          MORRISON & FOERSTER - TRANS
          1290 AVENUE OF THE AMERICAS
          NEW YORK, NY 10104-0101

LEXSTAT 22 NY JUR CONTRACTS 144

New York Jurisprudence, Second Edition
Copyright © 2007 West Group

Thomas Barnett, J.D, David Epstein, J.D., Herbert G. Feuerhake, J.D., Christine Gordon, J.D., Paulette Peters, J.D., N. Lee Spaulding, J.D., Judy Zelin, J.D. and the staff of the Immediate Legal Research Corporation

Contracts
V. Illegality
A. Overview
1. In General

*22 NY Jur Contracts § 144*

§ 144 What constitutes illegality

A contract's illegality may lie in its consideration, n66 in a promise, or in its performance. n67 An agreement to do an illegal act is illegal. n68 Any act, promise, or agreement designed or intended to accomplish the furtherance or effectuation of an unlawful purpose is unlawful, n69 and every such promise or agreement is void and unenforceable. n70 If the effect of the agreement is to accomplish an unlawful purpose, the agreement will be declared illegal, regardless of the intention of the parties. n71 And it is unnecessary for the words of the contract to disclose the illegality, as long as the contract is closely connected with the unlawful action. n72 Moreover, if a contract is entered into with a view of violating the laws of another country, it is unenforceable even though it does not contravene the law of the place where it is made or the law of the forum. n73 However, a collaterally connected illegal act, entirely incidental to a contract, does not prevent the contract from being valid. n74

A contract procured by the commission of a crime is illegal and unenforceable, n75 and a criminal conviction of a party for bribery establishes the illegality of a contract as a matter of law. n76

**FOOTNOTES:**

   n66 West's Key Number Digest, Contracts [westkey]103
§ 145.

   n67 *Sayres v Decker Auto. Co. (1924) 239 NY 73, 145 NE 744.*

   n68 *Sayres v Decker Auto. Co. (1924) 239 NY 73, 145 NE 744.*

As to contracts involving criminal matters, generally, see §§ 179 et seq.

   n69 *Dodge v Richmond (1960, 1st Dept) 10 AD2d 4, 196 NYS2d 477,* affd *8 NY2d 829, 203 NYS2d 90, 168 NE2d 531; Upper Nyack v Christian & Missionary Alliance (1988) 143 Misc 2d 414, 540 NYS2d 125,* affd (2d Dept) *155 AD2d 530, 547 NYS2d 388; Cromer (1993) 153 BR 391.*

   n70 § 195.

   n71 *Manson v Curtis (1918) 223 NY 313, 119 NE 559* (superseded on other grounds by statute as stated in *Zion v Kurtz, 50 NY2d 92, 428 NYS2d 199, 405 NE2d 681, 15 ALR4th 1061).*

Page 2

22 NY Jur Contracts § 144

As to the effect of the intention of the parties, generally, see § 146.

n72 *Anabas Export, Ltd. v Alper Industries, Inc. (1985, SD NY) 603 F Supp 1275.*

n73 *Rutkin v Reinfeld (1956, CA2 NY) 229 F2d 248,* cert den *352 US 844, 1 L Ed 2d 60, 77 S Ct 50.*

n74 § 198.

n75 *Morgan Munitions Supply Co. v Studebaker Corp. of America (1919) 226 NY 94, 123 NE 146; Robitzek v Reliance Intercontinental Corp. (1959, 1st Dept) 7 AD2d 407, 183 NYS2d 870,* affd *7 NY2d 1041, 200 NYS2d 424, 167 NE2d 74.*

A contract procured through bribery is not enforceable. *Swig Weiler & Arnow Management Co. v Stahl (1993, SD NY) 817 F Supp 404,* summary judgment gr, summary judgment den (SD NY) *817 F Supp 400, RICO Bus Disp Guide (CCH) P 8271.*

As to bribery, generally, see *N.Y. Jur. 2d, Criminal Law §§ 980* et seq. and *N.Y. Jur. 2d, Criminal Law §§ 1104* et seq.

n76 *S.T. Grand, Inc. v New York (1973) 32 NY2d 300, 344 NYS2d 938, 298 NE2d 105.*

**SUPPLEMENT:**

Cases

Insertion of choice-of-law provision in boxing promotion agreement between promoter and professional boxer, stating that agreement would be governed by New York law, did not make agreement unenforceable because of promoter's alleged failure to timely submit agreement to New York State Athletic Commission for review or promoter's alleged failure to hold New York promoter's license when agreement was executed, where agreement could not be read as an understanding that fight would take place in *New York. Norris v. Don King Productions, Inc., 706 N.Y.S.2d 426* (App. Div. 1st Dep't 2000).

Parties' commodity swap contract was not invalid due to illegality; agreement was not an illegal contract to gamble, but rather a legitimate commodity swap agreement exempt from the strictures of the Commodities Exchange. *N.Y. Gen. Bus. Law § 351*; *17 C.F.R. § 35.2*; *N.Y. Gen. Oblig. Law § 5-401. General Elec. Co. v. Metals Resources Group Ltd., 293 A.D.2d 417, 741 N.Y.S.2d 218* (1st Dep't 2002).

**REFERENCE:** West's Key Number Digest, Contracts [westkey]1, 102, 103, 141(1)
*N.Y. C.P.L.R. 3018*, 3211
A.L.R. Digest: Contracts §§ 269 et seq.
A.L.R. Index: Adhesion Contracts
A.L.R. Index: Contracts
*17A Am. Jur. 2d, Contracts §§ 238-246*

1003R1

********** Print Completed **********

Time of Request: Tuesday, May 29, 2007   09:37:40 EST

Print Number:    1842:29905297
Number of Lines: 72
Number of Pages:










Send To:  BILIK, SHIRI
          MORRISON & FOERSTER - TRANS
          1290 AVENUE OF THE AMERICAS
          NEW YORK, NY 10104-0101