UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
Cogent Capital Financial LLC and Cogent Capital : 
Investments LLC,
                                                              :
                Plaintiffs,           :      **ECF CASE**

            - against -           :      No. 07 Civ. 2701 (JSR)

Innofone.com, Incorporated,                                   :

                Defendant.            :
-------------------------------------------------------------- x
Innofone.com, Incorporated,                                   :

                Plaintiff,            :

            - against -           :      **ECF CASE**

Cogent Capital Financial LLC, Cogent Capital       :      No. 07 Civ. 3966 (JSR)
Investments LLC, Cogent Capital Group LLC,
Gregory L. Kofford, Mark W. Holden, and Investors  :
Bank & Trust Company,
                                                              :
                Defendants.
-------------------------------------------------------------- x

### DECLARATION OF DAVID KAUFMAN IN OPPOSITION TO INNOFONE'S MOTION FOR SUMMARY JUDGMENT

1. My name is David Kaufman. I am a partner at the firm of Morrison & Foerster LLP. I make this declaration in opposition to Innofone's motion for summary judgment.

2. I was counsel to Cogent Capital Financial LLC and Cogent Capital Investments LLC in the transaction at bar. My declaration is based on both direct knowledge of the history of the transaction at bar, and upon my experience as a corporate lawyer.

3. I have extensive experience with a broad array of transactions in the securities and derivatives markets. I work closely with my firm's financial institution clients in the securities and derivative markets, where my activities are concentrated on assisting the firm's clients in designing and structuring new products and evaluating the securities and commodities law issues.

4. I received my B.A. from the University of Rochester and my J.D. from the Harvard Law School.

5. On July 19, 2006, Innofone first filed a registration statement to register the common stock issued in the transaction and the common stock issuable upon conversion of the preferred stock.

6. On August 28, 2006, October 24, 2006 and December 8, 2006, Innofone filed amendments to its registration statement.

7. On December 29, 2006, Innofone announced that certain of its financial statements had to be restated.

    (a)  Several of these withdrawn financial statements were incorporated into Innofone's pending registration statement.

    (b)  Innofone had represented that these withdrawn financial statements were accurate in Section 3.3 of the Securities Purchase Agreement. *See* Lightman Decl. Exh. C ¶ 3.3.

    (c)  Innofone has yet to file the restated financial statements.

8. On March 22, 2007, Innofone withdrew its registration statement from SEC review. *See* Kofford Decl. Exh. K. Currently, Innofone does not have filed with the SEC any registration statement seeking to register any shares in the transaction.

9. The registration process here was not unusual. It often takes many months and requires numerous communications between the SEC and the registrant before securities are registered. This process can be prolonged where the transaction is novel or relatively complex, which was the case here.

10. In my experience, during this process, it is not unusual for the SEC to give comments on the registration statement submitted to it. Such comments, however, merely invite further dialogue and amendment.

11. To the best of my knowledge, the SEC did not ask that this transaction be unwound. Nor did the SEC declare this transaction illegal.

12. I disagree with Mr. Lightman's conclusion in Paragraph 44 of his declaration that the SEC would never approve an offering structured in the manner devised by Cogent.

13. I also disagree with Mr. Marcus's statement in Paragraph 17 of his declaration that "the SEC was never going to approve the deal as structured."

14. I further disagree with Mr. Marcus's statement in Paragraph 17 of his declaration that "Innofone did everything in its power to obtain SEC approval for the registration statement." For example, the initial registration statement was filed without affording me or my clients an opportunity to review and contained several significant inaccuracies, including, among other things, a statement that "The Common Stock, Preferred Stock and Bonds are to be delivered pursuant to that certain escrow agreement between Innofone

and Cogent." In fact, as the transaction agreements made clear, all of these securities had already been delivered at the closing over 6 weeks earlier.

15. I believe that, had Innofone continued the registration process with the SEC and filed amended and restated financial statements, the SEC could have declared effective a registration statement covering the shares in the transaction. In any event, an effective registration statement was not a condition to the transaction.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of June, 2007 at New York, New York.

_____
David Kaufman

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2007, I caused to be served a true and correct copy of the following documents by e-mail and ECF filing on Roderick McLeod, Esq., of Jones Day, counsel for Innofone.com, Inc.; and Paula Bagger, Esq., of Cooke Clancy & Gruenthal LLP, counsel for Investors Bank & Trust Company:

(1) The Cogent Parties' Memorandum of Law in Opposition to Innofone's Motion for Summary Judgment;

(2) The Cogent Parties' Rule 56.1 Countertatement of Material Facts Pursuant to Local Rule 56.1 in Opposition to Innofone's Motion for Summary Judgment;

(3) Declaration of David Kaufman; and

(4) Declaration of Gregory L. Kofford.

Dated:   New York, New York
         June 18, 2007

*Mitchell M. Wong (MW 8795)*

ny-757123