UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Cogent Capital Financial LLC and Cogent Capital Investments LLC,

           Plaintiffs,

- against -

Innofone.com, Incorporated,

           Defendant.

**ECF CASE**

No. 07 Civ. 2701 (JSR)

---

Innofone.com, Incorporated,

           Plaintiff,

- against -

Cogent Capital Financial LLC, Cogent Capital Investments LLC, Cogent Capital Group LLC, Gregory L. Kofford, Mark W. Holden, and Investors Bank & Trust Company,

           Defendants.

**ECF CASE**

No. 07 Civ. 3966 (JSR)

---

### DECLARATION OF GREGORY L. KOFFORD IN OPPOSITION TO INNOFONE'S MOTION FOR SUMMARY JUDGMENT

I, Gregory L. Kofford, declare under penalty of perjury as follows:

1. I am a co-founder and senior principal of Cogent Capital Financial LLC ("CCF") and Cogent Capital Investments LLC ("CCI" and collectively with CCF, "Cogent"). I reside in Sandy, Utah.

2. I have 20 years of extensive experience in the capital markets, hedge fund and private family office investing. I founded Cogent Capital Corp. (an entity separate from the Cogent parties named in this litigation) in 1995. Previously, I was responsible for publicly

traded equity and debt investments at Taylor & Co in Ft. Worth, Texas, an investment vehicle which managed approximately $4 billion for private investors Sid, Lee, and Perry Bass. Before that, I was responsible for public equity and debt in investments at Alexander Group in Ft. Lauderdale, Florida, a private family office owned by Les Alexander. I have also held positions in New York with Windsor Associates/Manko & Company, a hedge fund that held memberships on the New York Stock Exchange, American Stock Exchange, the Chicago Board of Trade and the Chicago Mercantile Exchange and I founded the corporate finance group at regional broker-dealer Wilson Davis. I received an M.B.A. from the Sloan School at the Massachusetts Institute of Technology.

3. As of June 2, 2006, Cogent and Innofone.com, Inc. ("Innofone") entered into a series of agreements, reflecting a $50 million investment by CCI in Innofone (the "Transaction"). Certain of these agreements relating to the equity swap arrangement were restated as of November 1, 2006.

4. Contrary to Mr. Lightman's statement in Paragraph 11 of his declaration, I did not represent to Mr. Lightman or anyone else on behalf of Innofone that "the SEC had approved this type of financing before" or "that it would be a short time until the shares underlying the transaction could be registered with and approved by the SEC." Rather, I told Mr. Lightman that Aegis Assessments, Inc., a public company that had previously entered into a similar type of deal (i.e., with equity swaps) with Cogent Capital Corp. (a corporation with which I work), had filed a registration statement with the SEC for shares owned by other investors (not Cogent Capital Corp.) and had its registration declared effective by the SEC without comment. Further, prior to the closing of the Transaction, Mr. Casale, Innofone's general counsel, specifically requested contact information for a senior executive at every public company with which Cogent and

Cogent Capital Corp. had made an investment with a similar structure (i.e., using swaps) and it is my understanding that Mr. Casale contacted each of the three companies, including Aegis.

5. Prior to the closing of the Transaction, I sent Investors Bank and Trust Company ("IBT"), the escrow agent for the Transaction, two letters, instructing IBT to transfer the bonds underlying the Transaction from a Cogent account into an escrow account for the Transaction. True and correct copies of these letters to IBT are attached hereto as Exhibit A and Exhibit B. A true and correct copy of the account statement for the escrow account is attached as Exhibit C.

6. After the closing, IBT transferred the 5 million common shares and Warrant from escrow into account no. 4739698, and the 4.815 million preferred and 1.85 million common shares from escrow into account no. 4739699, pursuant to Paragraphs 2(b) and 2(c) of the Escrow Agreement, which was submitted by Innofone as Exhibit D to the Declaration of Alex Lightman. The escrow agent also transferred the $50 million in U.S. Treasury Bonds underlying the Transaction from the escrow account into account number 4739766, pursuant to Paragraph 2(a) of the Escrow Agreement. True and correct copies of letters from Cogent to IBT with instructions to transfer the bonds out of the escrow account are attached hereto as Exhibit D and Exhibit E.

7. Prior to and at the time the parties entered into this Transaction, the Cogent parties understood that Innofone intended to attempt to register the Innofone shares underlying the Transaction with the Securities and Exchange Commission (the "SEC"). However, I did not believe that the SEC was certain to declare Innofone's registration statement effective. Nor did I believe that an effective registration statement was the only means by which the Transaction could proceed. Mark Holden, Cogent's other co-founder and senior principal, has informed me that he had this same understanding.

8. I thought that Innofone also shared this understanding as well. In fact, Innofone's principal, Alex Lightman, sent Mr. Holden and I an email in which he expressly mentioned the possibility that the Transaction could proceed under SEC Rule 144, rather than via an effective registration statement. A true and correct copy of this email is attached hereto as Exhibit F. Mr. Holden and I also received an email from Gerard Casale, Jr., Innofone's General Counsel, discussing the possibility that the parties "will commence the swap utilizing Rule 144 in June 2007" regardless of whether the registration statement had been declared effective. A true and correct copy of this email is attached hereto as Exhibit G.

9. I did not represent to anyone at Innofone or working on behalf of Innofone that the SEC was certain to declare Innofone's registration statement effective. Mr. Holden has informed me that never made any such representations to any one at Innofone or working on behalf of Innofone.

10. Following the closing of the Transaction, Mr. Holden and I asked Innofone if we and our counsel could review a draft of the registration statement before it was filed with the SEC, to ensure that the statement accurately described the Transaction. Innofone agreed to this request, but then filed its registration statement before we had an opportunity to review and comment. The initial registration statement, which Innofone filed with the SEC on July 19, 2006, contained several significant inaccuracies. I believe these inaccuracies caused, at least in part, the questions raised by the SEC in its comment letters to the registration statement.

11. Further, despite our requests, neither Mr. Holden nor I were afforded the opportunity to participate in Innofone's calls with the SEC regarding the registration statement. In fact, Mr. Lightman copied Mr. Holden and I on an email to Innofone's outside counsel, Arthur Marcus, following one such call, which explained that although Mr. Holden and I had "really

wanted to be on the call and even called into [Mr. Marcus's] office," Mr. Marcus's assistant had refused to patch us in on the call. A true and correct copy of this email is attached hereto as Exhibit H.

12. On December 29, 2006, and January 11, 2007, while Innofone's registration statement was still awaiting SEC approval, Innofone filed statements with the SEC disclosing that it will have to restate certain of its prior financial statements, including its financial statements for the quarter ended March 31, 2006 and the year ended June 30, 2006, which were included in its registration and the amendments thereto. This was despite the fact that Innofone had guaranteed the accuracy of its financial statements under the Transaction agreements in order to induce Cogent to enter into the Transaction. A true and correct copy of Innofone's Form 8-K filed with the SEC on December 29, 2006 is attached hereto as Exhibit I. A true and correct copy of Innofone's Form 8-K filed with the SEC on January 11, 2007 is attached hereto as Exhibit J.

13. On March 22, 2007, Innofone filed a Form RW with the SEC, withdrawing its registration from SEC consideration. Innofone did so without the consent of anyone at Cogent. A true and correct copy of this Form RW is attached hereto as Exhibit K.

14. Innofone has refused to make payments due and owing to Cogent pursuant to the Equity Swap Confirmation, as restated as of November 1, 2006, and the Interest Rate Swap Confirmation, restated as of November 1, 2006.

15. As of June 1, 2007, Innofone owes Cogent $553,831.03 pursuant to the Interest Rate Swap Confirmation; (ii) $831,250 of the cash fee; and (iii) interest on the cash fee in the amount of $57,692.54.

16. Additional sums are due monthly under the Interest Rate Swap Confirmation.

17. Innofone has breached the Transaction agreements by withdrawing the registration statement and failing to register the 5 million shares on which Cogent has demand registration rights.

18. A true and correct copy of Innofone's Form 10-QSB filing with the SEC for the quarter ending March 31, 2007 (filed May, 21, 2007) is attached hereto as Exhibit L.

19. A true and correct copy of Innofone's Form 10-QSB filing with the SEC for the quarter ending December 31, 2006 (filed February 14, 2007) is attached hereto as Exhibit M.

20. A true and correct copy of Innofone's Form 10-QSB filing with the SEC for the quarter ending September 30, 2006 (filed November 7, 2006), is attached hereto as Exhibit N.

21. A true and correct copy of Innofone's Form 10-KSB/A filing with the SEC for the year ending June 30, 2006 (filed October 3, 2006) is attached hereto as Exhibit O.

22. A true and correct copy of Innofone's Form 10-KSB filing with the SEC for the year ending June 30, 2006 (filed September 29, 2006) is attached hereto as Exhibit P.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of June, 2007 at New York, New York.

_____
Gregory L. Kofford

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2007, I caused to be served a true and correct copy of the following documents by e-mail and ECF filing on Roderick McLeod, Esq., of Jones Day, counsel for Innofone.com, Inc.; and Paula Bagger, Esq., of Cooke Clancy & Gruenthal LLP, counsel for Investors Bank & Trust Company:

(1) The Cogent Parties' Memorandum of Law in Opposition to Innofone's Motion for Summary Judgment;

(2) The Cogent Parties' Rule 56.1 Counterstatement of Material Facts Pursuant to Local Rule 56.1 in Opposition to Innofone's Motion for Summary Judgment;

(3) Declaration of David Kaufman; and

(4) Declaration of Gregory L. Kofford.

Dated:   New York, New York
         June 18, 2007

_____
Mitchell M. Wong (MW-8795)