UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
Cogent Capital Financial LLC and Cogent Capital
Investments LLC,                                              :

                           Plaintiffs,                       :     **ECF CASE**

                  - against -                          :     No. 07 Civ. 2701 (JSR)

Innofone.com, Incorporated,                       :

                           Defendant.                         :
------------------------------------------------------------------ x

Innofone.com, Incorporated,                       :

                           Plaintiff,                         :

                  - against -                          :     **ECF CASE**

Cogent Capital Financial LLC, Cogent Capital     :     No. 07 Civ. 3966 (JSR)
Investments LLC, Cogent Capital Group LLC,
Gregory L. Kofford, Mark W. Holden, and Investors :
Bank & Trust Company,

                           Defendants.                        :
------------------------------------------------------------------ x

**PLAINTIFF'S RESPONSE AND COUNTERSTATEMENT OF MATERIAL FACTS TO THE COGENT PARTIES' COUNTERSTATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF INNOFONE.COM, INCORPORATED'S MOTION FOR SUMMARY JUDGMENT**

                                        Jones Day
                                        555 California Street, 26th Floor
                                        San Francisco, California 94104
                                        Telephone:  415-626-3939
                                        Facsimile:  415-875-5700

                                        *Attorneys for Plaintiff*
                                        *Innofone.com, Incorporated*

*Of Counsel:*
    *Roderick A. McLeod*
    *Gidon M. Caine*
    *Jessica L. Repa*
    *Joanna Rosen*

**PRELIMINARY STATEMENT**

While neither the Local Rule of this Court or this District require it to do so, Innofone responds below to the Cogent Parties' Counterstatement of Material Facts in Opposition to Innofone's Motion for Summary Judgment. Innofone proceeds with its own Counterstatement solely out of an abundance of caution.

**COGENT'S ADDITIONAL STATEMENTS OF MATERIAL FACTS**

| COGENT'S ADDITIONAL STATEMENTS | INNOFONE'S COUNTERSTATEMENTS |
|---|---|
| C1. Innofone's financial statements for the quarter ended March 31, 2006 and the year ended June 30, 2006 were included in its registration and the amendments thereto.<br><br>*Lightman Decl. Ex. R (SB-2 Registration Statement, filed July 19, 2006).*<br><br>*Lightman Decl. Ex. T (First-Amended SB-2, filed Aug. 28, 2006).*<br><br>*Lightman Decl. Ex. EE (Second-Amended SB-2, October 24, 2006).*<br><br>*Lightman Decl. Ex. FF (Third-Amended SB-2, Dec. 8, 2006).* | 1.a) Innofone does not dispute the general accuracy of this statement.<br><br>1.b) Innofone submits that the SB-2 Registration statements filed on July 19, 2006, August 28, 2006, October 25, 2006, and December 8, 2006, speak for themselves and are the best evidence of their own contents. Fed. R. Evid. 1002. |
| C2. On December 29, 2006, and January 11, 2007, while the registration statement was still awaiting SEC approval, Innofone disclosed that it will have to restate certain of its prior financial statements, including its financial statements for the quarter ended March 31, 2006 and the year ended June 30, 2006, which | 2. Innofone submits that the 8-K forms filed on January 11, 2007, and December 29, 2006, speak for themselves and are the best evidence of their own contents. Fed. R. Evid. 1002. |

| | |
|---|---|
| were included in its registration and the amendments thereto.<br><br>*Kofford Decl. Ex. J (Innofone Form 8-K, filed January 11, 2007); Kofford Decl. Ex. I (Innofone Form 8-K, filed December 29, 2006).* | |
| C3.     In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-QSB filing with the SEC for the quarter ending Mar. 31, 2007 (the very same filing), could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 3.     Innofone submits that the Form 10-QSB filing for the quarter ending on March 31, 2007, speaks for itself and is the best evidence of its own contents.  Fed. R. Evid. 1002. |
| C4.     In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-QSB filing with the SEC for the quarter ending Dec. 31, 2006, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 4.     Innofone submits that the Form 10-QSB filing for the quarter ending on December 31, 2006, speaks for itself and is the best evidence of its own contents.  Fed. R. Evid. 1002. |
| C5.     In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-QSB filing with the SEC for the quarter ending **Sept. 30, 2006**, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 5.     Innofone submits that the Form 10-QSB filing for the quarter ending on September 30, 2006, speaks for itself and is the best evidence of its own contents.  Fed. R. Evid. 1002. |
| C6.     In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-KSB/A filing with the SEC for the year ending **June 30, 2006**, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 6.     Innofone submits that the Form 10-QSB filing for the quarter ending on June 30, 2006, speaks for itself and is the best evidence of its own contents.  Fed. R. Evid. 1002. |
| C7.     In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, | 7.     Innofone submits that the Form 10-QSB filing for the quarter ending on March 31, |

| | |
|---|---|
| 2007), Innofone declared that its Form 10-QSB filing for the quarter ending **Mar. 31, 2006**, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 2006, speaks for itself and is the best evidence of its own contents. Fed. R. Evid. 1002. |
| C8.   In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-QSB filing for the quarter ending **December 31, 2005**, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 8.   Innofone submits that the Form 10-QSB filing for the quarter ending on December 31, 2005, speaks for itself and is the best evidence of its own contents. Fed. R. Evid. 1002. |
| C9.   In its Form 10-QSB filing for the quarter ending Mar. 31, 2007 (filed May 21, 2007), Innofone declared that its Form 10-QSB filing for the quarter ending **September 30, 2005**, could not be relied upon.<br><br>*Kofford Decl. Ex. L, at 16.* | 9.   Innofone submits that the Form 10-QSB filing for the quarter ending on September 30, 2005, speaks for itself and is the best evidence of its own contents. Fed. R. Evid. 1002. |
| C10.   Innofone has not restated any of the withdrawn financial statements.<br><br>*Kaufman Decl. ¶ 7(c).* | 10. (a)   Innofone disputes the accuracy of this statement on the ground that it is too vague to be responded to. The statement does not supply sufficient facts to enable Innofone to respond; the statement does not identify which statements were "withdrawn." Innofone will not speculate whether this statement refers to the documents Cogent references above in C2 thru C9.<br><br>10. (b)   To the extent that this statement refers to Innofone's SB-2 Registration Statements, Innofone 8-K's or its 10-QSB references above in C2 thru C9, Innofone further submits that the these documents speak for themselves and are the best evidence of their own contents. Fed. R. Evid. 1002. |
| C11.   In the Securities Purchase Agreement | 11.   Innofone does not dispute the general |

| | |
|---|---|
| dated June 2, 2006, Innofone warranted that its financial statements "present fairly the financial position of the Company and its consolidated subsidiaries at the dates indicated."<br><br>*Lightman Decl. Ex. C, at ¶ 3.3 (Securities Purchase Agreement).* | accuracy of this statement. |
| C12.   Innofone's financial statements did not present fairly its financial position.<br><br>*Kofford Decl. Ex. J (Innofone Form 8-K, filed January 11, 2007).*<br><br>*Kofford Decl. Ex. I (Innofone Form 8-K, filed December 29, 2006).* | 12.   Innofone disputes the general accuracy of this statement and submits that its 8K forms filed on January 11, 2007, and December 29, 2006 speak for themselves and are the best evidence of their own contents. Fed. R. Evid. 1002. |
| C13.   On March 22, 2007, while the SEC was still evaluating Innofone's registration statement Innofone withdrew that registration statement from SEC consideration.<br><br>*Kofford Decl. Ex. K (Innofone's Form RW, dated March 22, 2007 (requesting "the withdrawal of [Innofone's] registration statement")).* | 13.   Innofone disputes the general accuracy of this statement and submits that its RW form dated March 22, 2007, speaks for itself and is the best evidence of it own contents. Fed. R. Evid. 1002. |
| C14.   The Equity Swap Confirmation and the Interest Rate Swap Confirmation required Innofone to make certain periodic payments to the Cogent Corporate Parties.<br><br>*Lightman Decl. Ex. G (June 2, 2006 Equity Swap Confirmation).*<br><br>*Lightman Decl. Ex. L (November 1, 2006 Interest Rate Swap Confirmation).* | 14.   Innofone disputes the general accuracy of this statement and submits that the June 2, 2006, Equity Swap Confirmation and the November 1, 2006, Interest Rate Swap Confirmation speak for themselves and are the best evidence of their own contents. Fed. R. Evid. 1002. |
| C15.   Innofone has refused to make payments due and owing to Cogent pursuant to the Equity Swap Confirmation, as restated as of November 1, 2006, and the Interest Rate Swap | 15.   Innofone disputes this statement on the ground that the statement "Innofone has refused to make payments due and owing" is a conclusion of law, and not a recitation of fact.  No monies are due and owing because |

| | |
|---|---|
| Confirmation, restated as of November 1, 2006.<br><br>*Lightman Decl. Ex. K (November 1, 2006 Equity Swap Confirmation).*<br><br>*Lightman Decl. Ex. L (November 1, 2006 Interest Rate Swap Confirmation).* | the parties did not enter into a valid agreement. |
| C16.   As of June 1, 2007, Innofone owes Cogent $553,831.03 pursuant to the Interest Rate Swap Confirmation; (ii) $831,250 of the cash fee; and (iii) interest on the cash fee in the amount of $57,692.54.<br><br>*Kofford Decl. ¶ 15.* | 16.   Innofone disputes this statement on the ground that the statement "Innofone owes Cogent" is a conclusion of law, and not a recitation of fact.  Innofone does not owe Cogent any monies because the parties did not enter into a valid agreement. |
| C17.   Additional sums are due monthly under the Interest Rate Swap Confirmation.<br><br>*Kofford Decl. ¶ 16.* | 17. (a)   Innofone disputes the accuracy of this statement on the ground that it is too vague to be responded to.  The term "additional sums" is so vague that Innofone lacks sufficient information and knowledge to respond.<br><br>17. (b)   Innofone further disputes this statement on the ground that the statement "Additional sums are due" is a conclusion of law, and not a recitation of fact.  Innofone does not owe Cogent any monies because the parties did not enter into a valid agreement. |
| C18.   Innofone has breached the Transaction agreements by failing to make several of the agreed-upon payments to the Corporate Cogent Parties.<br><br>*Kofford Decl. ¶¶ 14-16.* | 18. (a)   Innofone disputes this statement on the ground that the statement is a conclusion of law, and not a recitation of fact.<br><br>18. (b)   To the extent the Court accepts Cogents' construction of this fact, Innofone further disputes the general accuracy of this statement on the ground that its performance was excused by supervening events.  *See* Plaintiff's Statement of Material Undisputed Facts 10, 11, 16, 19, 36. |

5

| | |
|---|---|
| C19.   Innofone has breached the Transaction agreements by withdrawing the registration statement and failing to register the 5 million shares on which Cogent has demand registration rights.<br><br>*Kofford Decl. ¶¶ 13, 17.* | 19. (a)   Innofone disputes this statement on the ground that the statement is a conclusion of law, and not a recitation of fact.<br><br>19. (b)   To the extent the Court accepts Cogents' construction of this fact, Innofone further disputes the general accuracy of this statement on the grounds that:<br><br>   (i)  Its performance was excused by supervening events.  *See* Plaintiff's Statement of Material Undisputed Facts 10, 11, 16, 19, 36.<br><br>   (ii)  Cogent attempted to register the shares, but the SEC refused to do so.  *See* Plaintiff's Statement of Material Undisputed Facts 8, 9, 10. |
| C20.   The Cogent Parties did not represent to anyone at Innofone that the SEC was certain to declare Innofone's registration statement effective.<br><br>*Kofford Decl. ¶ 4.* | 20.   Innofone disputes the general accuracy of this statement on the ground that Messrs. Kofford and Holden specifically told Innofone that SEC approval was imminent. *See* Lightman Decl. in support of Plaintiff's Motion for Summary Judgment, ¶¶ 11, 23, 48. |
| C21.   The Cogent Parties did not participate in Innofone's calls with the SEC regarding the registration statement.<br><br>*Kofford Decl. ¶ 11.*<br><br>*Lightman Decl. Ex. H (December 28, 2006 email from Lightman to Marcus, stating "We would have been stronger at answering the questions [from the SEC] if Greg and Mark of Cogent had been on the call. They really wanted to be and even called into your office, but your assistant wouldn't patch them through, despite their request.").* | 21.   Innofone denies the accuracy of this statement.  The Cogent parties, specifically Messrs. Holden, Kaufman and Ms. Pinedo, did participate in Innofone's call with the SEC regarding the registration statements. *See* Marcus Decl. in support of Plaintiff's Motion for Summary Judgment, ¶¶ 12, 13. |

| | |
|---|---|
| C22.   The Cogent Parties did not receive an opportunity to comment on the initial draft/filing of Innofone's registration statement.<br><br>*Kofford Decl. ¶ 10.* | 22. (a)   Innofone disputes the general accuracy of this statement on the ground that it is too vague to be responded to.  Innofone filed four different registration statements and it is unable to decipher which registration statement C22 pertains to.<br><br>22. (b)   Innofone further disputes the general accuracy of this statement on the ground that the Cogent Parties themselves, and their lawyers, actually did comment and provide feedback on Innofone's registration statements.  *See* Lightman Decl. in support of Plaintiff's Motion for Summary Judgment, ¶¶ 29, 30. |

Dated: San Francisco, California
        June 22, 2007

Of Counsel:

Gidon M. Caine (GC 9923)
JONES DAY
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:  (650) 739-3939
Facsimile:  (650) 739-3900

Jessica L. Repa
Joanna Rosen
JONES DAY
555 California Avenue
Suite 2600
San Francisco, California  94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

JONES DAY

By:   /s/_____
       Roderick A. McLeod (RM 4936)

JONES DAY
555 California Avenue
Suite 2600
San Francisco, California  94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Plaintiff
Innofone.com, Incorporated

8

Dated: San Francisco, California
June 4, 2007

Of Counsel:                                      JONES DAY

Gidon M. Caine (GC 9923)
JONES DAY                                        By:    /s/_____
1755 Embarcadero Road                                   Roderick A. McLeod (RM 4936)
Palo Alto, California  94303
Telephone:  (650) 739-3939                       JONES DAY
Facsimile:  (650) 739-3900                       555 California Avenue
                                                 Suite 2600
Jessica L. Repa                                  San Francisco, California  94104
Joanna Rosen                                     Telephone: (415) 626-3939
JONES DAY                                        Facsimile: (415) 875-5700
555 California Avenue
Suite 2600                                       Attorneys for Plaintiff
San Francisco, California  94104                 Innofone.com, Incorporated
Telephone: (415) 626-3939
Facsimile: (415) 875-5700


SFI-566236v1