UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
INNOFONE.COM INCORPORATED,                  )    **ECF CASE**
                                            )
         Plaintiff,                         )
                                            )
   - against -                              )    Case No. 07-CIV-03966-JSR
                                            )
COGENT CAPITAL FINANCIAL LLC,               )
COGENT CAPITAL INVESTMENTS, LLC,            )    **AMENDED ANSWER OF**
COGENT CAPITAL GROUP, LLC, GREGORY          )    **DEFENDANT INVESTORS**
L. KOFFORD, MARK W. HOLDEN and              )    **BANK & TRUST COMPANY**
INVESTORS BANK & TRUST COMPANY,             )
                                            )
         Defendants.                        )
_____ )

   Defendant Investors Bank & Trust Company ("IBT"), with the assent of each other party to this action, hereby amends its Answer to the Complaint of Innofone.com, Inc. ("Innofone"), as follows:

## JURISDICTION – CIV. L.R. 8-1 STATEMENT

   1.   No answer is required to paragraph 1, which purports solely to state conclusions of law.

   2.   No answer is required to the first sentence of paragraph 2, which purports solely to state conclusions of law.  IBT admits that it is a Massachusetts trust company with a principal place of business in Boston, Massachusetts.  IBT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

## NATURE OF THE ACTION

   3.   No answer is required to the first sentence of paragraph 3, which purports merely to characterize the plaintiff's allegations.  IBT admits that Innofone deposited

certain stock in escrow and denies that any bonds were deposited in escrow. IBT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

    4.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

    5.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

    6.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

    7,    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

## THE PARTIES

    8.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

    9.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

    10.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

    11.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

    12.    IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. IBT admits the allegations of the first sentence of paragraph 14. IBT admits that it served as escrow agent pursuant to a certain Escrow Agreement dated June 2, 2006 and that certain of the assets deposited with IBT pursuant to this Escrow Agreement remain in its custody. IBT lacks knowledge or information sufficient to form a belief as to why Innofone named it as a party to this action.

## VENUE

15. No answer is required to paragraph 15, which purports merely to state conclusions of law.

16. No answer is required to paragraph 16, which purports merely to state conclusions of law.

17. No answer is required to paragraph 17, which purports merely to state conclusions of law.

## BACKGROUND TO THE ACTION

18. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

## THE TRANSACTION

34. No answer is required to paragraph 34 because the terms of the Securities Purchase Agreement speak for themselves.

35. No answer is required to paragraph 35 because the terms of the Securities Purchase Agreement speak for themselves.

36. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 36. No answer is required to the remaining allegations of paragraph 36 because the terms of the Securities Purchase Agreement and Certificate of Designation speak for themselves.

37. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 37. No answer is required to the balance of paragraph 37 because the contents of the Registration Rights Agreement speak for themselves.

38. IBT admits the allegations of the first, third and fourth sentences of paragraph 38. IBT denies the allegations of the second sentence of paragraph 38. IBT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38.

39. IBT admits the allegations of the first two sentences of paragraph 39. IBT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39.

40. No answer is required to paragraph 40 as the terms of the equity swap documents speak for themselves.

41. No answer is required to paragraph 41 as the terms of the equity swap documents speak for themselves.

42. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

## FIRST CLAIM FOR RELIEF

**(Violation of Section 10(b) of the Securities Exchange Act and Securities and Exchange Commission rule 10b-5 Promulgated Thereunder Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, and Holden)**

49. IBT repeats and incorporates by reference its responses to paragraphs 1 through 48.

50-55. No answer is required to paragraph 50-55 because Count I asserts no claim against IBT. To the extent an answer is required, IBT lacks knowledge or information sufficient to for a belief as to the truth of the allegations of paragraph 50-55.

## SECOND CLAIM FOR RELIEF

**(Rescission of Swap Agreement Documents Based on Illegality Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, Holden, and Investors Bank & Trust Company)**

56. IBT repeats and incorporates by reference its responses to paragraphs 1 through 48.

57. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. No answer is required to paragraph 61 as it purports merely to describe relief requested by Innofone. To the extent an answer is required, IBT denies the allegations of paragraph 61.

62. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

## THIRD CLAIM FOR RELIEF

**(Rescission of Swap Agreements Based on Fraud or Mistake Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, Holden, and Investors Bank & Trust Company)**

63. IBT repeats and incorporates by reference its responses to paragraph 1 through 48 and 56-62.

64. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. No answer is required to paragraph 69 as it purports merely to describe relief requested by Innofone. To the extent an answer is required, IBT denies the allegations of paragraph 69.

70. IBT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

## FOURTH CLAIM FOR RELIEF

**(Negligent Misrepresentation Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, Cogent Capital Group, LLC, Kofford, and Holden)**

71. IBT repeats and incorporates by reference its responses to paragraphs 1-48 and 56-70.

72-77. No answer is required to paragraphs 72-77 because Count IV asserts no claim against IBT. To the extent an answer is required, IBT lacks knowledge or information sufficient to for a belief as to the truth of the allegations of paragraph 72-77.

## FIFTH CLAIM FOR RELIEF

**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 Against Cogent Capital Financial, LLC, Cogent Capital Investments, LLC, and Cogent Capital Group, LLC)**

78. IBT repeats and incorporates by reference its responses to paragraphs 1-48 and 56-77.

79-84. No answer is required to paragraphs 79-84 because Count V asserts no claim against IBT. To the extent an answer is required, IBT lacks knowledge or information sufficient to for a belief as to the truth of the allegations of paragraph 79-84.

WHEREFORE, IBT requests that this Court:

1. Dismiss the Complaint against it with prejudice;

2. Award it the costs and reasonable attorneys' fees it has incurred in defending this action;

3. Award it such other and further relief as may be just and appropriate.

          INVESTORS BANK & TRUST COMPANY

          By its attorneys


          _____/s/ Paula M. Bagger_____
          Paula M. Bagger (Mass. Bar No. 544703)
          (admitted *pro hac vice*)
          COOKE CLANCY & GRUENTHAL LLP
          265 Franklin Street
          Boston, MA  02110
          (617) 428-6800

Dated:  June 25, 2007

## CERTIFICATE OF SERVICE

    I, Paula M. Bagger, hereby certify that I this 25th day of June, 2007, filed and served this pleading on counsel for all other parties through this Court's CM/ECF system and separately by electronic mail transmission.


          _____/s/ Paula M. Bagger_____
          Paula M. Bagger