UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
Cogent Capital Financial LLC and Cogent ) **ECF CASE**
Capital Investments LLC, )
 ) No. 07 Civ. 2701 (JSR)
        Plaintiffs, )
 )
        -against- )
 )
Innofone.com, Incorporated, )
 )
        Defendant. )
 )
------------------------------------------------- )
Innofone.com, Incorporated, ) **ECF CASE**
 )
        Plaintiff, ) No. 07 Civ. 3966 (JSR)
 )
        -against- )
 )
Cogent Capital Financial LLC, Cogent Capital )
Investments LLC, Cogent Capital Group LLC, )
Gregory L. Kofford, Mark W. Holden, and )
Investors Bank & Trust Company, )
 )
        Defendants. )
------------------------------------------------- x

**INNOFONE.COM, INCORPORATED'S STATEMENT OF RECENT AUTHORITY
IN OPPOSITION TO THE COGENT PARTIES' MOTION TO DISMISS**

                                                          Jones Day
                                                          555 California Avenue
                                                          26th Floor
                                                          San Francisco, California 94104-1500
                                                          Telephone (415) 626-3939
                                                          Fax (415) 875-5700

                                                          *Attorneys for Plaintiff*
                                                          *Innofone.com, Incorporated*

*Of Counsel:*
    *Gidon M. Caine*
    *Roderick A. McLeod*
    *Jessica L. Repa*
    *Joanna Rosen*

Plaintiff Innofone.com, Incorporated ("Innofone"), hereby submits a copy of the United States Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ___ U.S. ___, No. 06-484, 2007 WL 1773208 (June 21, 2007), which was issued after Innofone submitted its opposition to the Cogent Parties' (*i.e.*, Cogent Capital Financial LLC, Cogent Capital Investments LLC, Cogent Capital Group LLC, Gregory L. Kofford, and Mark W. Holden) motion to dismiss. Innofone also submits a copy of the Securities and Exchange Commission's Revisions to Rule 144 and Rule 145 to Shorten Holding Period for Affiliates and Non-Affiliates, Securities Act Release No. 33-8813 (proposed June 22, 2007) ("SEC Release"), which also was issued after Innofone submitted its opposition to the Cogent Parties' motion to dismiss. The Supreme Court's decision in *Tellabs* is attached as Exhibit A, and the SEC Release is attached as Exhibit B.

## I.    THE COMPLAINT ADEQUATELY PLEADS SCIENTER UNDER *TELLABS*.

The Supreme Court's decision in *Tellabs* supports Innofone's argument, at pages *12-*14 of its opposition to the Cogent Parties' motion to dismiss, that the Complaint pleads facts showing that the Cogent Parties acted with the intent to defraud, and therefore are liable under section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

In *Tellabs*, the United States Supreme Court held that "an inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." 2007 WL 1773208 at *4. "Stated otherwise, [a plaintiff] must demonstrate that it is *more likely* than not that the defendant acted with scienter." *Id.* at *12 (citation omitted).

The Court stressed in this regard that "courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true." *Id.* at *9 (citation omitted). They must also determine "whether *all* of the

facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Id.* (citations omitted). Third, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Id.* at *10.

The Court cautioned, however, that "The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking-gun' genre, or even the 'most plausible of competing inferences[.]'" *Id.* (citations omitted). Nor is the summary judgment standard appropriate. *See id.* n.5. The Court also admonished that the although "motive can be a relevant consideration, and personal financial gain may weigh heavily in favor of a scienter inference . . . the absence of a motive allegation is not fatal." *Id.* at *11 (citation omitted).

The Complaint's allegations clearly meet these standards. It alleges that the Cogent Parties knew all along that what they were saying was false. Compl. ¶¶ 32, 46, 53. It is thus of the "smoking gun" genre which the Court held sufficient. The totality of the facts alleged, moreover, give rise to a strong inference of scienter. *Tellabs*, 2007 WL 1773208 at *10.

## II. THE SEC RELEASE SUPPORTS INNOFONE'S POSITION THAT RULE 144 DOES NOT SUPPORT THE COGENT PARTIES' ARGUMENTS.

The SEC Release supports Innofone's argument, at pages 17-19 of its opposition to the Cogent Parties' motion to dismiss, that sales under Rule 144 cannot salvage the Transaction for at least two reasons: (a) the one year waiting period was fundamentally at odds with the purpose of the Transaction, which was to provide two-and-a-half years worth of funding within thirty days of registration; and (b) a resale under Rule 144 could never meet Innofone's financing needs because sufficient stock could not be sold to allow Innofone anything near the $50 million in financing contemplated by the Transaction.

In the SEC Release, the SEC proposes shortening the time a party must hold securities

before being allowed to sell them to the public pursuant to Rule 144. *See* SEC Release at 9 & nn.26-28. However, even under the proposed amendments, the Cogent Parties could not use Rule 144 to save the Transaction, for the same reasons that the current Rule does not help them.

Further, the SEC explains that under its proposed amendments, both affiliates and non-affiliates would be required to hold their securities for additional time if they engaged in hedging transactions such as equity swaps. *See* SEC Release at 12 (chart), 19-21. In this regard, the SEC stressed that: "It becomes more difficult to conclude that the security holder who engages in hedging transactions, and thereby transfers the economic risk of the investment to a third party, soon after acquiring the security, has held the security for investment purposes and not with a view to distribution." SEC Release at 19. This is one of the issues the SEC identified in its comment letters, and highlights why sales pursuant to Rule 144 are likely to be particularly inappropriate here. *See* Lightman Decl. Exs. S (Aug. 11, 2006 Comment Letter) at comments 1, 2, 5, 7; U (Sept. 14, 2006 Comment Letter) at comments 1-3, 7-11; X (Nov. 7, 2006 Comment Letter) at comments 2, 6-8; Z (Dec. 28, 2006 Comment Letter) at comment 1; BB (Mar. 9, 2007 Comment Letter) at comments 5-9; DD (Jan. 24, 2007 Comment Letter) at comments 1-4.

Respectfully submitted,

Dated: San Francisco, California
       June 25, 2007

JONES DAY

By: /s/ _____
    Gidon M. Caine (GC 9923)

Of Counsel:

Roderick A. McLeod
Jessica L. Repa
Joanna Rosen

555 California Avenue, Suite 2600
San Francisco, California 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Plaintiff
Innofone.com, Incorporated