UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

Cogent Capital Financial LLC and Cogent Capital
Investments LLC,                                        :

                             Plaintiffs,               :

                  - against -                          :

Innofone.com, Incorporated,                            :

                             Defendant.                :

---------------------------------------------------------------- x

Innofone.com, Incorporated,                            :

                             Plaintiff,                :

                  - against -                          :

Cogent Capital Financial LLC, Cogent Capital           :
Investments LLC, Cogent Capital Group LLC,
Gregory L. Kofford, Mark W. Holden, and Investors      :
Bank & Trust Company,

                                                       :

                             Defendants.               :

---------------------------------------------------------------- x

**ECF CASE**

No. 07 Civ. 2701 (JSR)

**ECF CASE**

No. 07 Civ. 3966 (JSR)


### THE COGENT PARTIES' RESPONSE TO INNOFONE'S "STATEMENT OF RECENT AUTHORITY IN OPPOSITION TO THE COGENT PARTIES' MOTION TO DISMISS"


MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Attorneys for Cogent Capital Financial
LLC, Cogent Capital Investments LLC,
Cogent Capital Group LLC, Gregory L.
Kofford and Mark W. Holden*

Cogent Capital Financial LLC ("CCF"), Cogent Capital Investments LLC ("CCI"), Cogent Capital Group LLC ("CCG"), Gregory L. Kofford and Mark W. Holden (collectively, the "Cogent Parties"), respectfully submit this response to Innofone's "Statement of Recent Authority In Opposition to the Cogent Parties' Motion to Dismiss" ("Innofone Statement").[*]

## RESPONSE

### I.    WITH REGARD TO *TELLABS*, THE COGENT PARTIES REST UPON THEIR REPLY BRIEF.

The Cogent Parties have already discussed *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 2004 WL 1773208 (U.S. June 21, 2007), in their reply brief, dated June 22, 2007, in further support of their motion to dismiss.  The Cogent Parties do not believe that further comment is necessary, and respectfully direct the Court to pages 7-8 of their reply brief for their views on the applicability of *Tellabs*.

### II.    THE SEC'S PROPOSED RULE DOES NOT SUPPORT INNOFONE.

### A.    The Proposed Regulation is Not Law.

Innofone cites a proposed revision to Rules 144 and 145 that was just released for public comment last Friday.  *See* Securities Act Release No. 33-8813.  A proposed regulation, however, is not law.  *United States v. Elton*, CV 04-4950 (ETB), 2006 U.S. Dist. LEXIS 46977, at *39 (EDNY July 12, 2006) ("[P]roposed regulations are not entitled to judicial deference, and carry no more weight than a position advanced on a brief.") (*citing Estate of Howard*, 91 T.C. 329, 337 (1988), *rev'd on other grounds*, 910 F.2d 633 (9th Cir. 1990).)  Despite its newness, the proposed rule enjoys no more weight than a freshly published article on the subject; Innofone's submission of additional papers on this point is wholly inappropriate.

---

[*] Capitalized terms not defined herein shall have the meanings specified in the opening brief.

1

**B.    Innofone's Reading of the Proposed Regulation is Incorrect.**

Moreover, Innofone has gravely misread the proposed regulation.  Innofone states that

"under [the SEC's] proposed amendments, both affiliates and non-affiliates would be required to

hold their securities for additional time if they engaged in hedging transactions such as equity

swaps."  (Innofone Statement at 3.)

Innofone's interpretation of the proposed rule is unambiguously contradicted by the

SEC's own comments:

> The proposed rule would therefore impose a ceiling on the
> proposed tolling provision so that, *regardless of the security
> holder's hedging transactions, the holding period*, as computed
> under all other paragraphs in Rule 144(d), *would in no event extend
> beyond one year*.

(Innofone Statement Ex. B.1, at 22 (emphasis added).)  The above quote is confirmed by the note

accompanying the proposed amendment:

> Note to § 230.144(d)(3)(xi).
> This paragraph shall not apply if the holding period computed
> under paragraph (d) of this rule (excluding this paragraph) has
> been twelve months or more.

(Innofone Statement Ex. B.2, at 100.)  Thus, the proposed amendments, if adopted, would

affirmatively allow a holder of restricted securities who has hedged his position to sell those

securities after one year, subject to normal volume limitations, and after two years, under Rule

144(k).  While the proposed amendment would allow for a Rule 144 sale after six months if a

holder has not hedged, the SEC clearly states that after a year, even if the position has been

hedged, Rule 144 would be available.

The SEC's comments confirm several points consistently made by the Cogent Parties

from the start.  First, the current rule contains no provision that tolls the holding period as a result

of hedging transactions.  Second, if the proposed rules were adopted, the new rule would

2

"impose a ceiling on the proposed tolling provisions so that, regardless of the security holder's hedging transactions, the holding period, as computed under other paragraphs in Rule 144(d), would in no event extend beyond one year." Innofone Statement Ex. B.1, at 22.

It is undeniably clear that the proposed rule preserves the ability to sell restricted securities after one year with volume restrictions, and two years without volume restrictions, even if the securities were hedged during that period. Innofone's contrary views find support in neither the current regulatory scheme nor the proposed amendments promulgated by the SEC.

Respectfully submitted,

Dated:  June 27, 2007
          New York, New York

MORRISON & FOERSTER LLP
Joel C. Haims (JH-9829)
Mitchell M. Wong (MW-8795)
Emily S. Richman (ER-2277)
1290 Avenue of the Americas
New York, New York  10104
(212) 468-8000

*Attorneys for Cogent Capital Financial LLC,
Cogent Capital Investments LLC, Cogent
Capital Group LLC, Gregory L. Kofford and
Mark W. Holden*

*Of Counsel:*
Shiri R. Bilik

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2007, I caused to be served a true and correct copy of the following documents by e-mail and ECF filing on Roderick McLeod, Esq., of Jones Day, counsel for Innofone.com, Inc.; and Paula Bagger, Esq., of Cooke Clancy & Gruenthal LLP, counsel for Investors Bank & Trust Company:

(1)    The Cogent Parties' Response to Innofone's "Statement of Recent Authority In Opposition to the Cogent Parties' Motion to Dismiss."

Dated:    New York, New York
          June 27, 2007

Mitchell M. Wong (MW-8795)