```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
COGENT CAPITAL FINANCIAL LLC and         :
COGENT CAPITAL INVESTMENTS LLC,          :
                                         :    07 Civ. 2701 (JSR)
              Plaintiffs,                :
                                         :
              -v-                        :
                                         :
INNOFONE.COM, INCORPORATED,              :
                                         :
              Defendant.                 :
---------------------------------------- x
INNOFONE.COM, INCORPORATED, a Nevada     :
Corporation,                             :
                                         :    07 Civ. 3966 (JSR)
              Plaintiff,                 :
                                         :          MEMORANDUM
              -v-                        :
                                         :
COGENT CAPITAL FINANCIAL, LLC, a         :
Delaware Limited Liability Company,      :
COGENT CAPITAL INVESTMENTS, LLC, a       :
Delaware Limited Liability Company,      :
COGENT CAPITAL GROUP, LLC, a Delaware    :
Limited Liability Company, GREGORY L.    :
KOFFORD, an individual, and MARK W.      :
HOLDEN, an individual, INVESTORS BANK    :
& TRUST COMPANY, a Massachusetts         :
Trust Company,                           :
                                         :
              Defendants.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

By Order dated July 2, 2007, the Court granted the motion of defendants in 07 Civ. 3966 to dismiss the Complaint in that case, and, as a result, denied as moot the motion of plaintiff in that case for partial summary judgment. The Order stated that the Court would in due course issue an opinion explaining the reasons for these determinations, and would, at that time, direct the Clerk to enter final judgment in 07 Civ. 3966. Further, the Court ordered counsel

for each of the parties in 07 Civ. 2701 to jointly telephone Chambers by July 9, 2007 to work out the remaining schedule in that case.

However, on July 6, 2007, the parties in both 07 Civ. 2701 and 07 Civ. 3966 submitted to the Court, and the Court signed, a Stipulation of Discontinuance dismissing both of the above actions and waiving all parties' rights of appeal.  Because the parties agreed to enter that Stipulation of Discontinuance, it would be improvident to issue a full opinion explaining the reasons for the Court's determinations in its Order dated July 2, 2007.  Rather, the Court will simply note that if such an Opinion were to have issued, the Opinion would have explained, in essence, that (a) the Court dismissed plaintiff's securities fraud claim, as well as plaintiff's claims for rescission based on fraud or mistake and for rescission based on negligent misrepresentation, principally because the merger clauses in the various transaction documents at issue, in combination with the context of the transaction as a whole, precluded plaintiff's justifiable reliance, see Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 195-96 (2d Cir. 2003); (b) the Court dismissed plaintiff's claim for rescission based on illegality principally because the transaction documents did not require any party to do the potentially illegal act of selling unregistered shares where the transaction documents contemplated that unregistered shares would either be held indefinitely or sold pursuant to an exemption from registration, see Culver & Theisen, Inc. v. Starr Realty Co., 307 A.D.2d 910, 911 (N.Y. App. Div. 2d Dep't 2003); and

(c) the Court dismissed plaintiff's claim for declaratory relief because plaintiff had no substantive claim of right to such relief, see In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993).

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 13, 2007